## THIRD DEPARTMENT, MARCH, 1973

## (March 1, 1973)

■ PETER CANGILOS et al., Appellants, v. JOHN SCHERMERHORN et al., Respondents.— Appeal from a judgment of the Supreme Court, Albany County, entered May 21, 1971, in favor of defendants. The appellant, Rose Cangilos, operating her husband's automobile, came in collision with an automobile, owned by Jean Cooper, and being operated by her fiance, John Schermerhorn. The accident occurred at the intersection of Quail Street and Myrtle Avenue in the City of Albany, and the intersection was controlled by a conventional traffic light with red, green and amber signals displayed for drivers approaching the intersection from all four directions. Both operators were alone at the time of the accident and there were no other known eyewitnesses. Appellants commenced personal injury and derivative actions against the respondents and verdicts of no cause for action resulted. Appellants' motion to set aside the

judgment pursuant to appropriate provisions of CPLR 4404 was denied. Appellants advance three grounds as a basis for their entitlement to relief: First, they contend that the Trial Judge erred in his handling of two questions posed by the jury when they returned to the courtroom. The questions were "can the jury find for the plaintiff, if the jury finds the plaintiff bears some responsibility for the accident?" and "what happens if the question arises as to whether you can say plaintiff nor defendant proved either?" To the initial question the court answered "no" and recharged the elements a plaintiff must prove in order to recover. While "responsibility" and "negligence which proximately causes" are not synonymous, the Judge covered any possible misunderstanding by again charging what the plaintiff must prove to recover. Responding to the second question, the Judge repeated his previous charge on burden of proof. We find no error. Second, the appellants contend that the verdict was against the weight of credible evidence. Each witness gave his version of the accident and expressed his observations as to the color of the light he faced as he proceeded. The jury chose to believe the defendant's version or, in the alternative, concluded that the plaintiff wife did not sustain her burden. They determined a factual question, which is what juries are for. This contention is without merit. Third, the appellants contend that the Trial Judge abused his judicial discretion by ignoring the probability of juror misconduct. No misconduct or probability of misconduct was shown and even if the jurors did engage in irrelevant discussions, this is not misconduct and the Judge's failure to pursue it did not "shield serious irregularities" (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.26). The duty and responsibility of the Trial Judge in handling these posttrial motions is well stated in *Mann* v. *Hunt* (283 App. Div. 140). The Trial Judge here heard and observed the witnesses, properly charged the jury, received the verdict and then heard extensive argument by counsel. He then made an "informed professional judgment" which, like the jury's verdict in this case, should not be disturbed. Judgment affirmed, with costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.