MARTIN W. HUSTON, an Adult Incapable of Adequately Protecting His Rights, by MARCELLA M. HUSTON, His Guardian ad Litem, Appellant, v. JOHN DE LEONARDIS et al., Respondents.

First Department, March 28, 1974.

*Herman Glaser* of counsel (*Helen B. Stoller* with him on the brief; *Julien, Blitz & Schlesinger*, attorneys), for appellant.

*Benjamin H. Siff* of counsel (*Thomas R. Newman* and *J. Edward McDonough* with him on the brief; *Bower & Gardner*, attorneys), for respondents.

MOORE, J. This litigation involved three personal injury actions arising out of a two-car accident between a car owned and operated by plaintiff-appellant Martin W. Huston and a car owned by the defendant-respondent, Bridy Car Rentals, Inc. and operated by defendant-respondent John De Leonardis. The actions were tried together before a jury. In Action No. 1 Susan Welborn a passenger in the Huston car sued both of the drivers, Huston and De Leonardis as well as Bridy Car Rentals, the owner of the De Leonardis car. In Action No. 2, which is the subject of this appeal, Huston sued De Leonardis and Bridy Car Rentals. In Action No. 3 Larry Mintz, a passenger in the De Leonardis car sued both of the drivers, Huston and De Leonardis, as well as Bridy Car Rentals.

The trial court correctly instructed the jury with respect to the rules of law to be applied to their determination of the facts and ruled that there was no issue with respect to contributory negligence on the part of the plaintiff passengers in Action No. 1 and Action No. 3. After several hours of deliberation the jury reported that it was deadlocked on Action No. 2, Huston v. De Leonardis and Bridy Car Rentals. The court directed that their deliberations be resumed. Shortly thereafter, the jury sent a question to the court inquiring whether they could come

to a decision in Actions No. 1 and No. 3, leaving Action No. 2 undecided. Over the objections of counsel for Huston, De Leonardis and Bridy Car Rentals, the court refused to clarify its previous instructions or to reinstruct the jury. It directed the jury to return any verdicts that had been reached and to report themselves as deadlocked in any action wherein no verdict had been reached, ruling that any action which remained undecided could be severed and remanded for a new trial. This constituted error. It was perfectly apparent that the jury was confused with respect to the applicable rules of law and did not appreciate that the findings of negligence which were essential to a determination of Actions No. 1 and No. 3 were dispositive of the issues of negligence and contributory negligence in Action No. 2.

The extent of the jury's confusion was shortly made evident when they reported hopelessly inconsistent verdicts. In Action No. 1 the jury found for the plaintiff passenger, Welborn, against Huston but not against De Leonardis and Bridy Car Rentals; in Action No. 2, Huston v. Bridy Car Rentals and De Leonardis they reported deadlocked; and in Action No. 3 they found for the plaintiff passenger Mintz against Bridy Car Rentals but not against the driver of its car, De Leonardis, or the other driver, Huston. Polling of the jury confirmed the verdicts as reported. Thereupon the forelady of the jury explained the verdicts by stating that the reason for the decision was that the jurors " felt that each driver holds a responsibility to his passengers ". Counsel requested the court to explain to the jury the inconsistent nature of their verdicts and direct the jury to resume their deliberations and to reconsider their verdicts. When counsel for the defendants De Leonardis and Bridy Car Rentals in Action No. 2 requested the court to instruct the jury to return a verdict for the defendants in that action since they had already found the plaintiff, Huston, negligent in Action No. 1, the forelady of the jury stated, " no, we didn't " and adverted to the statement she had previously made with respect to the jury's feeling that each driver had a responsibility to his passengers. Nonetheless, the trial court compounded its previous error and accepted these hopelessly inconsistent verdicts which were obviously not based on the application of the rules of law that had been set forth in the court's original charge, but rather upon the jury's own conception of a responsibility owing by owners to passengers in their vehicles without regard to fault. Indeed the jury was preempting a legislative role by devising and applying its own version of " no fault ".

Upon post-trial motions the court *sua sponte* corrected the jury's verdict in Action No. 1 by adding De Leonardis and Bridy Car Rentals as defendants found to be liable to the plaintiff. Similarly, in Action No. 3, the court added De Leonardis and Huston as defendants held liable. No appeals have been taken from these orders or the judgments entered thereon. As a consequence, the errors that inhere in such determinations are beyond the reach of this court. In Action No. 2, the trial court granted a motion dismissing Huston's claim for personal injuries, on the ground that to " direct a new trial would be an exercise in futility because all the elements rendering the plaintiff vulnerable to the defense of equitable estoppel are present ". The appeal from this judgment is now here for determination.

The principle of judicial or collateral estoppel embodies a policy which the courts have deemed necessary for the maintenance of a " prompt and nonrepetitious judicial system." It is premised on two conditions precedent; the determination of an issue in a prior action which is necessarily decisive of the present action, *and* a full and fair opportunity to contest the prior decision claimed to be dispositive of the present action (*Schwartz* v. *Public Administrator,* 24 N Y 2d 65; *Howard* v. *City of New York,* 38 A D 2d 89, affd. 31 N Y 2d 850). Neither of these conditions has been met in the instant case. In the first place, Huston is not seeking to relitigate an issue resolved in a prior legal action, but rather to correct errors of the trial court which permeated all three of the actions which were tried at the same time, including the action in which this appeal has been taken. Secondly, an " exploration of the various elements which make up the realities of litigation " compels a finding that Huston was not afforded a full and fair opportunity to establish his lack of negligence in Actions No. 1 and 3, which is the issue now claimed to be necessarily decisive of his own claim for personal injuries in Action No. 2 (*Schwartz* v. *Public Administrator, supra*). In Actions No. 1 and 3 Huston was represented not by counsel of his choice, but rather by an attorney for his insurance carrier. The failure to perfect an appeal from the judgments entered on these patently erroneous verdicts in those actions bespeaks a division of loyalties which foreclosed adequate representation of Huston's interests. The insurance carrier was clearly motivated by its own financial interest, evidenced by a willingness to throw in its $10,000 coverage and incur no further expense in defending the claims against Huston, at the sacrifice of Huston's very substantial interest in his own personal injury claim in Action No. 2. Under such circumstances it is not enough to assert that Huston has

recourse against the insurance carrier. The policy of judicial economy represented by the doctrine of collateral estoppel must here yield to the paramount tenet of our judicial system that a litigant shall be afforded his day in court for the purpose of proving his claim. (*Bonesteel* v. *Sechrist*, 36 A D 2d 876.)

The judgment entered February 4, 1972 dismissing the plaintiff's complaint should be reversed on the law, and vacated, with costs and disbursements, and a new trial directed.

KUPFERMAN, J. P. (concurring in the result). The Trial Judge obviously considered both drivers negligent. Therefore, his rulings, concurred in by all parties in Actions No. 1 (at least by the insurance company) and No. 3, follow that view. He also did the best he could with an unresponsive jury. Nonetheless, the substantive rights involved in Action No. 2 between the injured driver held liable by the jury in Action No. 1, and the owner held liable by the jury in Action No. 3 (plus the driver), must be adjudicated in a new trial, because the jury applied its own theory of the law, which cannot be used as the basis of collateral. estoppel.

There was, in reality, no real decision on the merits against Huston. (See *Vavolizza* v. *Krieger*, 33 N Y 2d 351.)

MURPHY and CAPOZZOLI, JJ., concur with MOORE, J.; KUPFERMAN, J. P., concurs in result in an opinion.

Judgment, Supreme Court, New York County, entered on February 4, 1972, unanimously reversed, on the law, and vacated, and a new trial directed. Appellant shall recover of respondents $60 costs and disbursements of this appeal.