ANNA LUFRANO et al., Plaintiffs, and GILDA CORTE et al., Appellants, v HERBERT S. MINOT, Respondent.

HERBERT S. MINOT, Plaintiff, v GILDA CORTE et al., Defendants.

First Department, April 29, 1976

*Philip Hoffer* of counsel *(Rose L. Hoffer, Peter T. Affatato, Adolph B. Salib* and *Harold Weissman* with him on the brief; *Raymond J. MacDonnell,* attorney), for Gilda Corte and another, appellants, with respect to defense of the cross claim.

*Irving Cohen* for Gilda Corte and another, appellants, exclusive of cross claim.

*John J. Cullen* of counsel *(Patricia D'Alvia* with him on the brief; *Morris, Duffy, Ivone & Jensen,* attorneys), for respondent.

NUNEZ, J. Separate actions to recover damages for personal injuries by plaintiffs Anna Lufrano and Gilda Corte and loss of services of their respective husbands, against defendant Herbert S. Minot, were consolidated in October 1972. Minot cross-claimed against plaintiff Gilda Corte for indemnity under *Dole v Dow Chem. Co.* (30 NY2d 143) for any judgment which may be rendered against him in favor of plaintiff Lufrano. The actions arose out of a two-automobile accident at the intersection of Central Avenue and Tuckahoe Road, Yonkers, New York. One of the vehicles was owned and operated by Minot who was the sole occupant thereof. The other was operated by plaintiff Gilda Corte. She had five passengers in her automobile, one of whom was plaintiff Anna Lufrano.

The actions were tried on the issue of liability only. The Corte vehicle was proceeding north on Central Avenue. The

Minot vehicle was going south on Central Avenue. Corte and her witnesses testified that she had stopped for a red light and that she proceeded to make a left turn when a green arrow controlling left turns was in her favor and that when she had almost completed the turn, the Minot vehicle appeared and while proceeding against the light, struck the Corte car.

Minot testified that he was proceeding straight south on Central Avenue. He saw the Corte vehicle some distance from the intersection "nosing" out into the left lane from behind two stopped vehicles. He proceeded into the intersection with the light in his favor when the Corte car came into his lane and cut him off. Contact was made between the right rear fender of the Corte vehicle and the right front bumper and right hand side of the Minot vehicle.

The court instructed the jury that any contributory negligence by Gilda Corte would bar her from recovering against Minot. With respect to the Lufrano cause, the jury was told that there could be no finding of contributory negligence on Lufrano's part, but that if it found in Lufrano's favor against Minot, the jury should then consider Minot's cross claim against Corte and should determine the relative responsibility of Gilda Corte and Minot to be stated in percentages. The jury informed the court that it had agreed upon a verdict as follows: In the action by the Cortes against Minot they found that Minot was negligent. In the action by Lufrano against Minot, the verdict was in favor of Lufrano. On the cross claim, Minot was found 60% negligent and Gilda Corte 40%.

In view of the verdict apportioning damages 40% against Corte, and on the ground that the finding that Minot was guilty of negligence, did not constitute a verdict, counsel for Minot urged that the court should direct a verdict dismissing the Corte action as a matter of law. The Cortes urged that the verdict was inconsistent, since the jury found Minot negligent and did not mention in the Corte action that Gilda Corte was negligent in any degree. It was urged therefore that the verdict in the Corte action was obviously in the Cortes' favor. Further, counsel requested that the jury be recharged or questioned as to whether they understood their verdict. The court denied those requests and upon the basis of the finding of 40% liability on the claim over against Corte, dismissed the Corte action against Minot.

On this appeal, the Cortes as plaintiffs and defendants, urge that the verdict was inconsistent and constituted reversible

error and that the finding of negligence against Gilda Corte was against the weight of the evidence. We dispose of the latter point first. Divergent views of the accident were presented by Gilda Corte and her witnesses as compared to that of Minot, whose testimony, while not corroborated, was not unbelievable. The jury was at liberty to credit either version. (See *Cangilos v Schermerhorn,* 41 AD2d 780.) This contention is without merit.

It was error, however, to dismiss the Corte action solely on the basis of the jury's apportionment whereby Corte was found to have been 40% contributorily negligent. This finding was inconsistent with the verdict finding Minot negligent in the Corte against Minot action, where the jury had been told that if Corte had been negligent in any degree, their verdict must be for the defendant Minot. Of course, the form of the verdict leaves much to be desired. The court should have required a verdict in proper form, i.e., in favor of the plaintiff or in favor of the defendant, in accord with its instructions. We do not agree, as suggested by Minot, that there was no finding in favor of Corte, but merely a finding that Minot was negligent. The jury's statement was in response to whether they had reached a verdict, and we conclude that by their answer they intended to find in favor of plaintiff Corte—a finding of nonnegligence on Corte's part. Such a verdict is hopelessly inconsistent with the verdict finding Corte negligent on Minot's cross claim.

When recently confronted by a similar situation in a case which also involved various personal injury actions by passengers against the drivers and driver against driver *(Huston v De Leonardis,* 44 AD2d 110) the jury also brought in inconsistent verdicts and we reversed and ordered a new trial.

We believe that upon retrial the jury should be instructed that if Gilda Corte is found guilty of contributory negligence in her action against Minot, that the extent of such contributory negligence would be a factor as to her percentage of liability in the cross claim against her in the Lufrano-Minot action. Conversely, the jury should be instructed that if Gilda Corte is found to be *free* of contributory negligence in the Corte-Minot action, then under the facts of this case, liability may not be apportioned between Corte and Minot in the Lufrano action.

The order entered in the Supreme Court, Bronx County (EGGERT, J.) on June 27, 1975 directing a verdict in favor of

Minot in the action of *Corte v Minot* and the judgment entered in the same court on August 19, 1975 directing judgment over in favor of defendant Minot against Corte, should be reversed on the law and a new trial ordered, with costs and disbursements to abide the event.

KUPFERMAN, J. (dissenting) If the new law on comparative negligence were to apply to this case, there would be no problem. (See CPLR article 14-A—Damage Actions: Effect of Contributory Negligence And Assumption of Risk.) However, it affects only actions accruing on or after September 1, 1975, CPLR 1413, and see Practice Commentary by Dean Joseph M. McLaughlin (McKinney's Cons Laws of NY, Book 7B, CPLR 1413, Cumulative Annual Pocket Part, 1975-1976).

Lufrano was a passenger in Corte's car. Corte and Minot had an accident. It seems clear that Lufrano is entitled to recover. From the evidence, the jury could have determined that Corte was negligent, or that Minot was negligent, or that they were both negligent. Lufrano sued Minot, and Minot cross-claimed against Corte for indemnity under *Dole v Dow Chem. Co.* (30 NY2d 143; CPLR 1401). Corte also sued Minot, and the actions were consolidated in 1972. In Lufrano's action against Minot, the verdict was naturally in favor of Lufrano, but on the cross claim Minot was found 60% negligent and Corte 40% negligent. As between Corte and Minot, the jury found Minot negligent. This was obviously because Minot was considered more negligent than Corte as demonstrated by the apportionment in Lufrano's action.

The problem arises because contributory negligence is a part of the law to be applied to this case (see *Rossman v La Grega,* 28 NY2d 300, 304), and if Corte is to some extent negligent, there cannot be any recovery against Minot. It is only logical, therefore, that the Judge at Trial Term dismissed the claim of Corte against Minot, and logic leads to an affirmance. This case does not have the complications to be found in *Huston v De Leonardis* (44 AD2d 110).

MARKEWICH and LUPIANO, JJ., concur with NUNEZ, J.; STEVENS, P. J., and KUPFERMAN, J., dissent in an opinion by KUPFERMAN, J.

Order, Supreme Court, Bronx County, entered on June 27, 1975, and the judgment entered thereon on August 19, 1975, reversed, on the law, the judgment vacated, and a new trial

directed, with $60 costs and disbursements of this appeal to abide the event.