■ ANGELA HURLBURT, Appellant, v CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILDREN'S DIVISION, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered May 4, 1977 in Chenango County, which granted defendant's motion to dismiss plaintiff's complaint

upon the ground of collateral estoppel based upon a jury verdict rendered on September 14, 1976. On May 10, 1975, the infant plaintiff was bitten on the face by a dog owned by her foster parents, Fred and Marie Neumann. She had been placed in the Neumann home by the defendant, Chenango County Department of Social Services, as a ward of the county about four months before the incident. Upon being released from the hospital where she was treated for the dog bite, she was returned to her natural mother's home. On October 27, 1975, an action was brought on her behalf against the Neumanns alleging that they were negligent in (1) harboring a dog known to them to be vicious; (2) in failing to warn the infant of the vicious nature and propensities of the dog; (3) in failing to prevent the dog from attacking the infant; and (4) in failing to confine the dog away from the public and other persons. The Neumanns brought a third-party action against the defendant, Chenango County Department of Social Services, alleging that if plaintiff sustained any damages as a result of any negligence alleged in the complaint, said negligence was caused by the third-party defendant. This action was brought to trial, and, on September 14, 1976, the jury returned a verdict of no cause of action in favor of the defendants, Fred and Marie Neumann. On October 20, 1976, an action was commenced on behalf of the infant plaintiff against the defendant, Chenango County Department of Social Services, Children's Division, alleging that the infant's injury was caused by the negligence of said defendant (1) in placing the infant in the Neumann premises with knowledge that they harbored a dog known to be vicious in nature and propensity; (2) in allowing said infant to continue to reside in the Neumann premises, having knowledge that the Neumanns harbored a dog that was of a vicious nature and propensity in that said dog previously attacked a child during 1971 or 1972; (3) in failing to advise the Neumanns to confine the dog; (4) in failing to periodically inspect the Neumann premises, and (5) in failing to advise plaintiff or her natural parents of the dangerous conditions existing in the foster home. On November 24, 1976, defendant moved for a judgment dismissing the complaint upon the ground that plaintiff was collaterally estopped from bringing the action by reason of the judgment entered September 21, 1976 upon the jury verdict. Special Term granted the motion by order dated May 3, 1977. To invoke the doctrine of collateral estoppel, there must be an identity of issues which have necessarily been decided in the prior action and are decisive of the present action and, further, there must have been a full and fair opportunity to contest the issues in the decision said to be controlling (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Where it is impossible to determine from a general verdict in favor of a defendant which of several issues was the determinative factor of the jury's verdict, that verdict may not be the basis of collateral estoppel (*Manard v Hardware Mut. Cas. Co.,* 12 AD2d 29). In these actions, there are essentially three issues, to wit: (1) was the dog vicious in nature or have vicious propensities; (2) did the Neumanns and the Chenango County Department of Social Services have knowledge of said nature and propensities; and (3) did the injured person voluntarily or consciously bring about the injuries. The jury in the first action could have rendered its decision on any one of the three issues. There is little evidence, if any, in the record indicating that the child brought about the attack. There is also no real evidence that the dog was vicious or had vicious propensities. The dog had bitten another child in the year 1971 or 1972, but that child had provoked the attack by trying to ride it, and otherwise mistreating the dog which snapped at him. While knowledge of the Neumanns is a separate and distinct issue from knowledge of

the Chenango County Department of Social Services, it would seem that the Neumanns, living with the dog, would have the greater knowledge of the dog's nature and an occasional visit by a representative of the department would not give a greater knowledge than that of the owners. After the dog bite incident of December 31, 1974, the Chenango County Department of Social Services was advised by Mrs. Neumann that her dog had bitten the foster child, and the department paid for the medical services rendered to the child. A representative of the department testified that the foster child had a behavior problem, and that he had provoked the situation with the dog. It would appear that in the previous trial the jury determined that the dog was not vicious, nor had vicious propensities, and that the Neumanns had no knowledge of any alleged viciousness. Considering the evidence it would seem that the jury's verdict was based upon one or both of the two issues above mentioned and that the defense of collateral estoppel should be allowed. Order affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Larkin, JJ., concur.