TERRANCE SHANLEY, Respondent, v CALLANAN INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Appellant; KENNETH E. JAMES, Third-Party Defendant-Respondent.

Third Department, July 24, 1980

## APPEARANCES OF COUNSEL

*E. Stewart Jones (E. Stewart Jones, Jr.,* and *Robert M. Cohen* of counsel), for respondent.

*Donald D. Gulling, Jr. (Bouck, Holloway & Kiernan, Warner M. Bouck* of counsel), for defendant and third-party plaintiff-appellant.

*Hubert D. Miles (H. Ward Hamlin, Jr.,* of counsel), for third-party defendant-respondent.

## OPINION OF THE COURT

GREENBLOTT, J. P.

As a result of a head-on automobile collision, Kenneth E. James commenced an action against Terrance Shanley to recover damages caused by Shanley's alleged negligence. Shanley in turn initiated a second action against Callanan Industries for allegedly creating a hazardous condition at the scene of the accident. Callanan impleaded James for "full or partial indemnity or contribution" for any judgment recovered by Shanley against Callanan.

The actions were joined for trial, but later severed. The case of *James v Shanley* proceeded to trial. The jury, in awarding James $65,000, found that Shanley was 100% at fault.

Thereafter, Callanan and James moved for summary judgment in the instant action, *Shanley v Callanan Inds.,* arguing that the jury verdict in the *James v Shanley* trial had resolved the issues of liability against Shanley, and that collateral estoppel precluded Shanley from relitigating the liability issue in the main action or in the third-party action. Special Term granted James' motion for summary judgment against Shanley and Callanan, but denied Callanan's cross motion for the same relief against Shanley. Callanan appeals, and contends that Shanley should be collaterally estopped from relitigating the question of his own negligence in this action because of the prior jury verdict. We agree.

Although Callanan was a stranger to the prior action of *James v Shanley,* Callanan may assert the defense of collateral estoppel provided that (1) Shanley had a full opportunity to litigate the particular issue *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *B. R. DeWitt, Inc. v Hall,* 19 NY2d 141) and (2) there was an identity of issue which has been necessarily decided in the prior action and is decisive of the present action *(Schwartz v Public Administrator of County of Bronx, supra,* p 71).

As to the second condition, the issue is whether Shanley's negligence was determined by the prior judgment which is binding on him as to all issues that could have been litigated on the merits as well as those which were so litigated *(Schuylkill Fuel Corp. v B & C Nieberg Realty Corp.,* 250 NY 304, 306-307). In order for the jury to have reached its verdict in

the *James v Shanley* action, it was necessary for them to have found that Shanley's negligence was a proximate cause of the accident. In fact, the jury found that Shanley was 100% negligent and, therefore, necessarily decided that Shanley's negligence was a proximate cause of the accident *(Albero v State of New York,* 31 AD2d 694, 695, affd 26 NY2d 630). We must assume that in the presentation of his defense, Shanley had an opportunity to present evidence regarding all conditions of the highway at the scene of the accident and that he had the right to show his freedom from negligence. "In any event, even if we were to assume some negligence on the part of [Callanan], we must reach the inescapable conclusion that it has been judicially determined that the accident was, at the very least, caused by the negligence of [Shanley] and which negligence was found to be a proximate cause of the occurrence. It is not enough, in an effort to break the chain of causation, that [Shanley] prove that his injuries *might* have resulted from other possible causes, for it has been definitely established that the occurrence was caused by *his* negligence" *(Albero v State of New York, supra,* p 695 [GABRIELLI, J.]). Additionally, since the jury found Shanley 100% negligent, even under comparative negligence he is completely barred from recovery and is not entitled to a further opportunity to relitigate the issue as to his negligence in the cause of the accident *(Albero v State of New York, supra,* p 695). His allegation that the accident was caused "solely" by Callanan's negligence without "any" fault on his part is, thus, patently untenable.

Next, we reject Shanley's contention that he did not have a full and fair opportunity to litigate the issue of Callanan's negligence in the prior action. The mere fact that Shanley had been represented in that action by counsel assigned by his insurance company does not, without more, establish that he did not have a full and fair opportunity to litigate the particular issue (cf. *Huston v De Leonardis,* 44 AD2d 110, 113-114). Nor can we conclude that the amount of money involved in the prior action—$65,000—was so insignificant that the same vigorous investigative and trial effort which would be put forth in the instant action was not pursued by counsel for the liability carrier in the prior action.

The order should be modified, on the law, by reversing so much thereof as denied Callanan Industries' motion for sum-

mary judgment as against plaintiff and the motion granted, and, as so modified, affirmed, without costs.

MIKOLL, J. (concurring in part and dissenting in part). The consequences of a determination that a party is collaterally estopped from litigating a particular issue are so grave that the doctrine should be applied only if identity of issue is established and a full and fair opportunity to contest the decision now said to be controlling was had (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65).

The moving party has the burden of proof as to both elements and the defendant has the burden to show he did not have a full and fair opportunity to litigate the point in issue (*B. R. DEWitt, Inc. v Hall,* 19 NY2d 141). I concur that the jury verdict in *James v Shanley* has resolved the issue of Shanley's liability to James and Special Term's grant of James' motion for summary judgment against Shanley is correct. As to the cause of action in *Shanley v Callanan Inds.,* equitable considerations dictate that summary judgment not be granted. Shanley was represented by counsel retained by his insurance carrier in the trial who did not raise the issue of Callanan's liability in connection with Shanley's defense of the prior action. The severance had been granted just moments before trial and Shanley did not have present the assistance of his own counsel who would have had a personal stake to litigate the question of Callanan's negligence to Shanley. Thus, the issue went unpresented to the jury.

On the question of identity of issues, Callanan Industries has not established that the jury considered the question of its (Callanan's) negligence when the jury found Shanley liable to James. It is impossible to conclude from the jury's general verdict which of several issues was the determinative factor of the jury's verdict. Such a verdict may not be the basis of collateral estoppel (*Hurlburt v Chenango County Dept. of Social Servs., Children's Div.,* 63 AD2d 805).

Special Term's denial of summary judgment to Callanan Industries should be affirmed.

SWEENEY, MAIN and HERLIHY, JJ., concur with GREENBLOTT, J. P.; MIKOLL, J., concurs in part and dissents in part in a separate opinion.

Order modified, on the law, by reversing so much thereof as denied Callanan Industries' motion for summary judgment as against plaintiff and motion granted, and, as so modified,

affirmed, without costs to defendant Callanan Industries, Inc., against plaintiff.