Samuel W. Eager, J.
This is a motion by defendant for summary judgment. The action is brought by the owner against a contractor to recover damages for breach of a building construction contract. The complaint alleges that the defendant (contractor), without cause, abandoned the building when in a partially completed condition, and that the plaintiff (owner) was compelled to and did finish the work, all to his damage in the sum of' $4,149.20. There are interposed in the action a defense of res judicata based upon a judgment rendered in a prior action which was brought by the contractor against the owner to recover a balance alleged to be owing the contractor under the same building contract; a further defense that, by reason of proceedings in such prior action and the owner’s failure, under the circumstances, to assert his present claim therein, he is estopped from maintaining this action; and also a defense that, under the circumstances, the owner has waived his claim, if any.
There was a prior action brought by the contractor against the owner (commeneed on Feb, 17, 1954) to recover a bal *931 anee' alleged to be owing under the building contract. On March 29, 1955, the attorney for the owner in such action wrote contractor’s attorneys that he intended to submit a counterclaim against the contractor “ in the sum of $5,000 representing damages sustained by Mr. Musco (the owner) as the result of the noncompliance by Lupi (the contractor) with the contract provisions ”. Then, during the course of the trial of the action before Hon. Chables W. U. Sneed, Official Referee, the owner, by his attorney, did take the position that his claim against the contractor for damages was to be presented and litigated therein. In fact, the learned Referee, upon the trial, did informally remark that the owner “ should set it (his claim) up as a counter-claim”; and that “if we do not permit Mr. Stanton (the attorney for said owner) to amend his answer, he believes, and I think he is correct, he would be precluded from making that counter-claim which he claims to be good against your (the contractor’s) cause of action”. The parties did acquiesce in such position taken by the Referee. It is clear from the stenographic minutes that there was an understanding that the owner would amend his answer to set up a counterclaim for his damages and he did, in fact, obtain an adjournment for that purpose. An amended answer Avas not, hoAvever, seiwed, “ because— (as the attorney for the oAA’ner put it) — pressure of other Avork ”, and the Referee ruled he Avould exclude any proof upon a counterclaim. The Referee died before the completion of the trial before him and the action Avas retried before the undersigned. On this retrial, the OAvner’s attorney said that he was not urging his claim for breach of contract as a counterclaim, but merely as a defense. FolloAving such retrial, judgment, pursuant to direction of the undersigned, was entered dismissing the alleged cause of action by the contractor to recover a balance claimed to be due under the building contract.
It is clear, of course, that the provisions of the prior judgment, Avhich dismissed the contractor’s alleged cause of action to recoAer upon the contract, do not, under the principles of res judicata, Avhen strictly applied, operate to bar the owner’s present claim. There is no estoppel directly by Adrtue of the proA’isions of the prior judgment. This, because such judgment is not a prior adjudication upon or expressly having the effect of invalidating the precise cause of action now before the court. (Cf. Statter v. Statter, 2 A D 2d 81, and opinion on reversal in Court of Appeals, 2 N Y 2d 668.) Furthermore, it is clear that, generally speaking, there is no compulsory counterclaim rule in effect in this State. (See Carmody-Wait on New York Practice, § 201, p. 476; Statter v. Statter, supra.) But it is held that the *932 right of a person to prosecute an independent suit for damages for breach of contract may be lost when, in a prior action brought against him upon the contract, he elects merely to set up such breach and his damages therefrom to defeat a recovery by the other party to the contract without seeking affirmative relief. (See 1 C. J. S., Actions, § 102, p. 1315; 83 A. L. R, 643 and cases cited.) In any event, it is true that one may, hy his acts and conduct, intentionally and effectually waive and abandon a cause of action, and, by his proceedings and course of conduct in a prior action, be barred from asserting in the future a claim, which could and should have been disposed of in the prior action. Such is the case here.
Now, it is clear, that the owner not only might have litigated in the prior action, the claim which is the subject of the present action, but, it appears that, in fact, there were actually litigated therein by way of defense, the principal issues presented by the present action. In the prior action there were litigated the presently alleged breaches of the contract by the contractor, the work which had been performed by him, the work remaining uncompleted and the cost of completion of the same. Incidentally, the court did resolve these questions against the contractor, expressly finding that he did fail to substantially complete the contract and that, in any event, the cost of completing the same would exceed the balance remaining unpaid of the contract price.
Thus, the issues in main which the owner would litigate in this action were actually litigated in the prior action. This owner did have his day in court and was afforded full opportunity to litigate the very claim now presented. Now, the policy of the law is to avoid unnecessary actions — or, as it is generally put, — to avoid a multiplicity of suits. (1 C. J. S., Actions, § 102, p. 1308; McCue v. Shea Co., 175 Misc. 557, affd. 260 App. Div. 946.) It has been said that, “Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew.” (Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14, 18.) Under the circumstances here, the owner should not be permitted to impose upon the time of the court to again litigate practically the same questions. Having fully acquiesced in the position taken by the court that his claim for damages for alleged breaches of the contract should be litigated in the prior action and then having been given full opportunity to do so, the deliberate proceeding thereafter by him to litigate the alleged breaches solely by way of defense, without seeking affirmative recovery of damages, amounts to an election and to a *933 waiver and abandonment of his claim for damages. Under all the circumstances, he had no right to reserve the claim for future harassment of the contractor. After using it as a shield for purposes of defense, he should not be permitted to now convert the same claim into a sword for purposes of offense. (See O’Connor v. Varney, 76 Mass. 231, a case somewhat in point.) The motion for summary judgment dismissing his complaint is granted.
Settle order on notice.