BATAVIA KILL WATERSHED DISTRICT IN THE COUNTY OF GREENE, Appellant, v CHARLES O. DESCH, INC., et al., Respondents.

Third Department, November 5, 1981

### APPEARANCES OF COUNSEL

*Walter J. Heffernan (Larry F. Gardner* of counsel), for appellant.

*Couch, Coulter & Howard, P.C. (Leslie F. Couch* of counsel), for respondents.

### OPINION OF THE COURT

HERLIHY, J.

In May of 1973, plaintiff entered into a contract with defendant Charles O. Desch, Inc. (Desch) for the construction of a dam by Desch. A performance bond was issued by defendant Travelers Indemnity Company (Travelers), guaranteeing Desch's performance.

In September of 1974, plaintiff terminated the contract for alleged unsatisfactory performance and thereafter Travelers refused the demand/offer of plaintiff that Travelers complete the contract. Desch instituted an action against plaintiff to recover damages based on the contract and its termination. Plaintiff did not counterclaim for damages, but did assert the affirmative defense: "That the plaintiff as contractor failed to prosecute the work with such diligence as would insure the completion within the time specified in the contract and as a result thereof, the defendant on the 6th day of September, 1974 terminated said contract for said cause."

During the course of the trial in Desch's action, plaintiff agreed to pay certain retained percentages and two requisitions, totaling $62,657.77. The remainder of the Desch action was submitted to the jury with written interrogatories. The jury found in part that Desch incurred certain additional costs and expenses in the sum of $63,000 as the result of its reliance upon a representation by plaintiff as to the manner in which certain debris would be disposed of. However, the jury also unequivocally found that plaintiff was "justified in terminating the contract" because of Desch's failure of timely performance.

Following the entry of judgment in the Desch action on April 17, 1978, plaintiff commenced this action against Desch and Travelers on April 12, 1979, seeking damages upon the ground that Desch failed to perform the contract and, in particular, on the ground that it failed to diligently prosecute the work, causing plaintiff to terminate the agreement and sustain certain damages in the completion of the contract. Defendants answered and, as joint affirmative defenses, asserted estoppel, waiver, *res judicata,* election of remedies, and laches. As to Travelers, defendants also asserted the defenses of accord and satisfaction, exoneration and/or breach of the surety agreement by plaintiff's conduct which precluded performance by Travelers and breach of Desch's contract and/or the violation of certain statutes by plaintiff which allegedly exonerated Travelers. Travelers also counterclaimed for damages against plaintiff.

Defendants moved for summary judgment on all of the grounds asserted as affirmative defenses. Plaintiff cross-moved "for summary judgment * * * against the defendant Desch on the issue of justification for the termination [of the contract]".

Special Term granted defendants' motion upon a finding that plaintiff, having participated in the prior litigation with Desch and having failed to counterclaim for damages for Desch's failure to timely perform while relying upon such failure as a defense, waived the counterclaim.

Special Term adopted the case of *Musco v Lupi* (6 Misc 2d 930) as precedent. However, in the *Musco* case, the party seeking to recover damages in a second action, after having successfully used the claim as an affirmative defense in the original action, had been invited by the trial court in the first action to amend his answer so as to counterclaim for damages. He had declined to use the claim as anything other than a defense. Under these specific circumstances, Special Term found that this conduct "amount[ed] to an election and to a waiver and abandonment of his claim for damages" *(Musco v Lupi, supra,* pp 932-933).

In the instant case, there was no such express invitation by the court followed by an election not to proceed with a counterclaim. At most, there was permission granted to the plaintiff in the first action to implead Travelers. There is, however, no showing of any express offer or refusal in regard to defendants' counterclaiming against Desch. (Travelers was not a party to the initial action.) We find that factually the case of *Musco* is not apposite and, since the decision in *Musco* was limited to the facts in that case, there is no need to approve or disapprove the result reached therein.

Special Term herein refers to the principles underlying estoppel by judgment as set forth in the opinion of Chief Judge COOKE in the case of *Gramatan Home Investors Corp. v Lopez* (46 NY2d 481, 485). The problem is, however, that in this case, we do not have a party who is splitting his causes of action or who otherwise failed to litigate issues encompassed in a prior lawsuit. Accordingly, the *Gramatan* case is also distinguishable from the instant matter.

Permitting the present action to be maintained does not impair any rights or interests established in the prior action. (See, e.g., *Shanley v Callanan Inds.*, 76 AD2d 146, revd 54 NY2d 52, wherein plaintiff sought to relitigate a jury finding of 100% negligence on his part.) At the very most, the counterclaim would have been an offset against defendant's right to payment for the work performed prior to termination. Further, the question of judicial economy is not directly involved since the facts that Desch breached the contract as to timely performance and that plaintiff was justified in terminating the agreement were established in the prior action.

It is apparent that the CPLR does not require that a party plead counterclaims, and, with the possible exception of cases based on waiver such as *Musco v Lupi (supra)*, there is no requirement of compulsory pleading of counterclaims in this State (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3019:2, pp 216-217). While a compulsory rule would be more consistent with economical court administration, the lack thereof is not a significant factor in burdensome case loads. The use of summary judgment procedures effectively precludes relitigation of issues and, from a pragmatic view, proceeding to a jury with liability established is not likely except in extraordinary cases.

Defendants have failed to establish any basis for dismissal of the complaint based on the grounds of *res judicata,* collateral estoppel, or any theory of waiver and election. Plaintiff is entitled to summary judgment against Desch on the ground that Desch breached the contract by failure to timely perform its obligations.

The order and judgment should be reversed, on the law, with costs, and the motion by defendants for summary judgment denied. Cross motion by plaintiff for summary judgment granted to the extent of finding that there was a failure to timely perform the obligations of the contract and that, therefore, plaintiff was entitled to terminate the contract.

MAIN, J. (dissenting). We recognize that under New York practice, contrary to the Federal practice (Fed Rules

Civ Pro, rule 13, subd [a] [in US Code, tit 28, Appendix]), counterclaims are permissive and the defendant who has a claim against the plaintiff can assert it as a counterclaim or may elect to bring a separate action (CPLR 3019, subd [a]). However, in our view, that right is not absolute and unassailable and may be waived or abandoned by the party's conduct. Such was the case in *Musco v Lupi* (6 Misc 2d 930) where the defendant had a related counterclaim and, after acquiescing in the court's suggestion that his claim be litigated in the first action, deliberately proceeded solely by way of defense without seeking affirmative recovery of damages though having been given every opportunity to do so. In a well-reasoned opinion, Special Term found that this tactic or conduct amounted to an election and to a waiver and abandonment of defendant's claim for damages. In sum, it found impermissible the use of the claim as a shield for the purposes of defense and, in a subsequent action, as a sword for purposes of offense. The complete record of the trial in the original action against the Batavia Kill Watershed District of Greene County (hereafter Batavia) is not before us and we do not know what evidence, if any, on the subject of Batavia's damages was adduced. However, from Batavia's counsel's opening at that trial, which is before us, we learn that even though Batavia was not seeking affirmative money damages, counsel proceeded to inform the jury that Desch's delay and nonperformance of the contract had resulted in money damages to his client in excess of $400,000. In view of the fact that no claim had then been asserted by Batavia, the only conceivable purpose of such comment was to create the impression in the minds of the jurors that even though Batavia had suffered substantial financial loss, it was making no claim therefor so as to engender sympathy in the hope that the jury would favor Batavia in some manner by its verdict. In our view, CPLR 3019 was never intended to provide a vehicle which, through tactical maneuvering, would provide a defendant with a second chance. Its use and application should be governed by the rule of fundamental fairness. When a defendant who possesses a related counterclaim, which he has chosen to withhold, injects strictly counterclaim material or evidence in the defense of

an action against him, he should be deemed to have waived or abandoned the counterclaim and estopped from asserting it later. To conclude otherwise is to reward the crafty defendant with a second chance.

Batavia's argument that it was precluded from counterclaiming because of a time element is clearly without merit.

Finally, it is suggested that the permissive counterclaim rule might well be the subject of further study by the Law Revision Commission.

The judgment should be affirmed.

MAHONEY, P.J., and MIKOLL, J., concur with HERLIHY, J.; MAIN and YESAWICH, JR., JJ., dissent and vote to affirm in an opinion by MAIN, J.

Order and judgment reversed, on the law, with costs, and motion by defendants for summary judgment denied. Cross motion by plaintiff for summary judgment granted to the extent of finding that there was a failure to timely perform the obligations of the contract and that, therefore, plaintiff was entitled to terminate the contract.