OPINION OF THE COURT
 

 Titone, J.
 

 This appeal concerns the application of RPAPL 747 (2), which modifies the common-law principles governing the preclusive effects of judgments, to a case in which the losing defendant in a summary holdover proceeding has commenced a new action to recover possession on the basis of a theory not
 
 *459
 
 asserted in the first proceeding. Because plaintiff did not commence its second action within 60 days after entry of the Civil Court judgment, as RPAPL 747 (2) requires, it cannot now invoke the remedial provisions of the statute. Accordingly, plaintiff is foreclosed from raising its present claim that, as an assignee
 
 pro tanto,
 
 it is entitled to a renewal lease for the premises it has been occupying.
 

 Plaintiff was a long-term tenant occupying the commercial ground-floor and basement space in a building located at 198 Broadway in Manhattan. In 1959, the building’s owner entered into a 21-year lease, to expire at 12:00 noon on January 15, 1980, with Arthur Bienenstock. Bienenstock, in turn, entered into a sublease with plaintiff for the ground-floor and basement premises, for a term coinciding with the term provided in his prime lease. Both the prime lease and the sublease between Bienenstock and plaintiff contained an option to renew for an additional 21-year term.
 

 Between December of 1965 and February of 1966, defendant, the Reformed Protestant Dutch Church (Church), purchased the building, and its wholly owned subsidiary acquired Bienenstock’s leasehold interest. The subsidiary thereafter elected not to exercise its option to renew the lease for the entire premises and, as a consequence, notified plaintiff that it was not entitled to renew its sublease for the ground-floor and basement portion of the building.
 

 When plaintiff refused to surrender possession of the premises on January 15, 1980, the date its sublease expired, the Church commenced a holdover proceeding in Civil Court to recover possession. Among the defenses asserted by plaintiff in that proceeding was that the Church and its subsidiary were so closely allied that their interests in the property had merged and the Church was therefore bound to honor plaintiff’s renewal option. The Church’s motion for summary judgment was denied by the Civil Court but granted on appeal to Appellate Term.
 

 Following Appellate Term’s decision, a judgment awarding the Church possession was entered by the clerk of the court on October 30, 1981. The Appellate Term order was subsequently affirmed by the Appellate Division
 
 (Minister, Elders & Deacons v 198 Broadway,
 
 88 AD2d 511) and by this court (59 NY2d 170). In affirming, we specifically held that, as a subtenant, plaintiff had no right to renew its sublease for a portion of the premises when the prime tenant, its sublessor, had
 
 *460
 
 elected not to renew its lease for the entire building (59 NY2d, at pp 175-176).
 

 In the course of a barrage of litigation to recover its right of possession,
 
 [1]
 
 plaintiff commenced the present Supreme Court action in July of 1983 for declaratory and injunctive relief. The gist of plaintiff’s claim was that it was an assignee
 
 pro tanto
 
 of the portion of the prime lease covering the ground floor and basement of the building, because the term of its sublease was coextensive with the term of the prime lease and its sublessor had neglected to reserve any reversionary interest in the sublet premises. Consequently, plaintiff contended, it was entitled to exercise the renewal option in the prime lease to the extent that it pertained to the premises plaintiff occupied.
 

 The Supreme Court dismissed plaintiff’s complaint on two alternative grounds. First, the court held that the claim was barred under traditional res judicata principles. Second, the court determined that the claim was without legal merit because the renewal right of the prime tenant, plaintiff’s sublessor, was indivisible and therefore could not be assigned
 
 pro tanto
 
 to a subtenant whose sublease covered only a portion of the entire premises. The Appellate Division subsequently affirmed, without opinion (114 AD2d 751), and we granted plaintiff leave to appeal to this court (67 NY2d 609).
 

 On this appeal, plaintiff argues, as it did in the courts below, that it became an assignee
 
 pro tanto
 
 of the prime lease by virtue of the sublessor’s failure to reserve any reversionary interest in the ground-floor and basement premises
 
 (see, New Amsterdam, Cas. Co. v National Union Fire Ins. Co.,
 
 266 NY 254). Since an assignee
 
 pro tanto
 
 is ordinarily entitled to enforce against the landlord those covenants that run with the land
 
 (see, Gilbert v Van Kleeck,
 
 284 App Div 611,
 
 appeal dismissed
 
 308 NY 882) and a renewal option is generally deemed a covenant that runs with the land
 
 (see, Leibowitz v Bickford’s Lunch Sys.,
 
 241 NY 489), plaintiff contends, the
 
 *461
 
 court should draw the conclusion that plaintiff is entitled to exercise the prime lease’s option to renew, even though its leasehold interest covers only a portion of the entire premises. We have no occasion to consider the merits of plaintiff’s claim, however, because we agree with the trial court that its assertion in the present action is barred under well-established principles of claim preclusion.
 

 It is elementary that, under the common-law doctrine of res judicata, a tenant who has been adjudged not entitled to possession in an action brought by the landlord cannot subsequently bring an action to recover possession on the basis of claims that could have been asserted in the first action. While New York does not have a compulsory counterclaim rule
 
 (see,
 
 CPLR 3011), a party is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory
 
 (see, Israel v Wood Dolson Co.,
 
 1 NY2d 116, 118;
 
 Schuylkill Fuel Corp. v Nieberg Realty Corp.,
 
 250 NY 304, 306-307; Siegel, NY Prac § 447, at 591-592; § 452, at 598-599;
 
 cf. Batavia Kill Watershed Dist. v Charles O. Desch, Inc.,
 
 83 AD2d 97,
 
 affd
 
 57 NY2d 796;
 
 see also, O’Brien v City of Syracuse,
 
 54 NY2d 353;
 
 Smith v Russel Sage Coll.,
 
 54 NY2d 185). Underlying this rule is the recognition that "it is to the interest of the State that there should be an end to litigation”
 
 (Israel v Wood Dolson Co., supra,
 
 p 118). Indeed, even a default judgment awarding possession to the landlord has been held to preclude litigation of subsidiary issues necessary to establish the tenant’s subsequent claim for separate equitable relief, despite the fact that the equitable claim could not have been resolved in a counterclaim in the first action because of limitations on the court’s jurisdiction
 
 (Reich v Cochran,
 
 151 NY 122).
 

 Plaintiff’s present claim falls squarely within these principles. In the prior Civil Court holdover proceeding, the landlord sought to recover possession, and plaintiff defended, in part, by asserting a right of possession arising from the renewal clause in its sublease. Plaintiff’s present claim, although technically based on the renewal clause in the prime lease, is really nothing more than a resuscitated assertion of a right to possession recast in terms of a new legal theory. As such, the claim, which could have been raised as a defense in the first action
 
 (see,
 
 RPAPL 743) and which now seeks to destroy or impair the "rights * * * established by the first [action]”
 
 (see,
 
 
 *462
 

 Schuylkill Fuel Corp. v Nieberg Realty Corp., supra,
 
 p 307), is barred.
 
 [2]
 

 Plaintiff does not seriously dispute the preclusive effect of common-law res judicata principles to its current claim. Instead, plaintiff relies on RPAPL 747 (2), which was enacted, at least in part, to overrule the harsh effects of those principles in the limited situation where the restrictions on the Civil Court’s jurisdiction prevent a party from seeking affirmative equitable relief in the context of a summary holdover proceeding
 
 (see,
 
 Seventh Ann Report of NY Judicial Council, 1941, at 457-458). The operative language of this statute provides that the judgment in a summary proceeding to recover possession under RPAPL article 7 "shall not bar an action, proceeding or counterclaim, commenced or interposed within sixty days of entry of the judgment, for affirmative equitable relief which was not sought by counterclaim in the proceeding because of the limited jurisdiction of the court.” It is plaintiff’s contention that its current claim falls under this provision’s remedial umbrella because, as a request for declaratory and injunctive relief, the claim could not have been placed before the Civil Court in the summary holdover proceeding.
 

 Whatever the merits of this contention
 
 (cf.
 
 RPAPL 743; CCA 905) or the proper scope of the statute’s reach, it is plain that plaintiff cannot invoke the statute as a means of overcoming the common-law bar against the assertion of its present claim. Since plaintiff failed to commence its Supreme Court action "within sixty days of entry of the [Civil Court] judgment,” it did not meet the express requirements of the statute and, as a consequence, cannot benefit from its provisions.
 

 Nor can plaintiff avoid the effect of the statute’s timeliness requirement by asserting, as it does, that the Supreme Court action was actually commenced within 60 days if that period is measured from the date plaintiff was served with notice of entry of the Civil Court judgment. The statutory language
 
 *463
 
 clearly and unambiguously measures the time for commencing the action from entry of judgment and not from service of notice of entry. Although plaintiff argues that use of the latter date would be fairer, we decline to rewrite the statute to add language that the Legislature did not see fit to include
 
 (see, Patrolmen’s Benevolent Assn. v City of New York,
 
 41 NY2d 205, 208).
 

 We note that, in this instance, it certainly cannot be said that the use of entry of judgment, rather than service of notice of entry, as the triggering point for the timeliness requirement was purely the result of a legislative oversight that might be corrected through judicial interpretation
 
 (cf. People v Morse,
 
 62 NY2d 205). To the contrary, because the Judicial Council’s original recommendation that the 60-day period run from service of notice of the judgment’s entry was deleted when the predecessor to RPAPL 747 (2) was enacted by the Legislature
 
 (compare,
 
 Seventh Ann Report of NY Judicial Council, 1941, at 455,
 
 with
 
 Civ Prac Act § 1445, as amended L 1942, ch 286), we must assume that the Legislature’s choice of entry of judgment as the triggering point was a deliberate one. Moreover, it may be assumed that the omission of a "service of notice of entry” rule was not accidental, since the Legislature has previously used such terminology in connection with other limitations period
 
 (see, e.g.,
 
 CPLR 5513 [a]) and would presumably have used it here if that had been its intention.
 

 Finally, there exists a sound basis in policy for restricting actions under RPAPL 747 (2) to those brought within 60 days of entry of the prior judgment. Adopted to modify the common law, the statute permits the assertion of claims affecting the right to possess real property even after the parties’ possessory rights have been adjudicated and embodied in a final judgment. As a result, the availability of the statute leads to a degree of uncertainty in an area of law where certainty has particular importance. Given the statute’s effect, it is not difficult to discern why the Legislature would choose to establish a limitations provision that is both short and precisely bounded
 
 (see,
 
 CCA 1401) rather than one whose length is dependent on the parties’ diligence in serving notice of entry. Indeed, were service of the notice of entry the critical point from which the 60-day limitations period in RPAPL 747 (2) is measured, the oversight of a party could well leave the possessory rights to property unsettled for an indefinite period of time. Since there is a strong public interest in the finality
 
 *464
 
 and certainty of judgments affecting possessory interests, the Legislature’s use of a fixed triggering point, such as entry of judgment, to mark the beginning of the statute’s limitations period was certainly a rational one which we cannot and would not disturb.
 

 Hence, plaintiff’s present action, commenced more than 60 days after the entry of the Civil Court judgment against it, cannot be saved under the terms of the statute from the bar of the common-law res judicata doctrine.
 
 [3]
 
 Accordingly, the dismissal of its complaint by the trial court was entirely proper, and the order of the Appellate Division affirming that dismissal should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Meyer, Simons and Hancock, Jr., concur; Judges Kaye and Alexander taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . Plaintiffs first Supreme Court action for declaratory relief against the Church was commenced in February 1980, after the Church had brought its summary holdover proceeding. That action was dismissed on the ground that the issues could be resolved in the Civil Court. Following this court’s unfavorable decision on its appeal from the Civil Court judgment, plaintiff successfully moved to vacate the judgment on grounds of newly discovered evidence. The judgment was reinstated on the Church’s appeal to Appellate Term. According to the parties’ briefs, a second such motion is now pending before the Civil Court.
 

 [2]
 

 . The absence of a compulsory counterclaim rule in New York
 
 (see,
 
 Siegel, NY Prac § 452, at 598-599) does not affect this analysis. Our permissive counterclaim rule may save from the bar of res judicata those claims for separate or different relief that could have been but were not interposed in the parties’ prior action
 
 (see, Batavia Kill Watershed Dist. v Charles 0. Desch, Inc.,
 
 83 AD2d 97,
 
 affd
 
 57 NY2d 796). It does not, however, permit a party to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action.
 

 [3]
 

 . Contrary to plaintiff’s alternative argument, its time to commence a second action under RPAPL 747 (2) did not begin to run anew when the Civil Court judgment was temporarily vacated on its "newly discovered evidence” motion.