■ ERIC SKOLNICK, Respondent, v LISA SKOLNICK, Appellant. [691 NYS2d 153] —In a matrimonial action in which the parties were divorced by a judgment dated July 17, 1984, the defendant former wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Satterfield, J.), dated May 21, 1998, which, *inter alia,* denied that branch of her motion which was for leave to enter a money judgment against the plaintiff former husband for arrears in child support pursuant to Domestic Relations Law § 244.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to the separation agreement between the parties which was incorporated, but not merged, into the judgment of divorce, the plaintiff and the defendant agreed that each would pay one-half of all costs for college and four years of postgraduate school education for their children. The parties also agreed that each would make diligent efforts to obtain scholarships and other available stipends for and on behalf of each

child. The Supreme Court found, *inter alia,* that the plaintiff, who received from his employer a tuition benefit of 50% of tuition costs for each of the parties' children, could use this benefit to satisfy part of his obligation to pay education costs. We agree.

Contrary to the plaintiff's contentions, the defendant's claim is not barred by the doctrine of res judicata (*see, Batavia Kill Watershed Dist. v Charles O. Desch, Inc.,* 57 NY2d 796; *Classic Autos. v Oxford Resources Group,* 204 AD2d 209).

It cannot be said that the tuition benefit is a scholarship or a stipend under the plain meaning of the terms of the separation agreement. Accordingly, the plaintiff was entitled to offset his tuition obligation with this benefit after the college costs were equally divided between the parties (*see, Matter of Scalabrini v Scalabrini,* 242 AD2d 725, 726; *Matter of Hartle v Cobane,* 228 AD2d 756; *Wacholder v Wacholder,* 188 AD2d 130).

· The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.