DEZER ENTERTAINMENT CONCEPTS, INC., Plaintiff, and COUNCIL OF REGULATED ADULT LIQUOR LICENSEES et al., Appellants, v CITY OF NEW YORK et al., Respondents. [778 NYS2d 18]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 29, 2002, which granted summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court improperly concluded that the instant claim is barred by res judicata, finding it a challenge to the facial constitutionality of the Amended Zoning Resolution of the City of New York (AZR), an issue that has already been litigated and determined. In *Stringfellow's of N.Y. v City of New York* (91 NY2d 382 [1998]), the Court of Appeals expressly upheld the constitutionality of the AZR as a legitimate governmental targeting of negative secondary effects caused by adult-use establishments, rather than an impermissible regulation of the content of expression. The instant claim asserts that the AZR is unconstitutionally being aimed only at the target list of establishments previously found to cause negative secondary effects. Rather than a facial challenge to the AZR, this claim,

viewed in its most favorable light, is an assertion that other existing establishments falling within the Resolution and causing negative secondary effects are somehow deemed legitimate and exempt from AZR enforcement. The instant claim is a constitutional challenge to the manner in which the AZR is being applied.

The instant claim is not precluded by prior enforcement proceedings against these plaintiffs or those in privity with them. Although a defendant may not remain silent in a prior action and then bring a second action on the basis of preexisting claims for relief that would impair the rights or interests established in the first action (*Henry Modell & Co. v Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y.*, 68 NY2d 456, 462 n 2 [1986]; *Zion N.Y. Ltd. Partnership v Silverberg Stonehill & Goldsmith*, 280 AD2d 432 [2001]), plaintiffs' present claim was not ripe at the time of the prior actions, as the City had only begun to enforce the AZR, and any assertedly unequal application would not have been apparent.

The court also improperly held that plaintiff Council of Regulated Adult Liquor Licensees lacked standing to bring the instant claim. In order for standing of an association or organization to exist, it must be clear that one or more of its members has standing to sue; that the interests asserted by the association are germane to its purpose, so as to satisfy the court that it appropriately represents those interests; and that neither the claim asserted nor the relief sought requires the participation of individual members (*Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330 [1984]). The claim that the AZR is being unequally and improperly applied could be proven by demonstrating that, with an improper motive, the City is enforcing the AZR only against those establishments on the target list, while other "similarly situated" establishments are deemed legitimate and are not being subjected to enforcement. This does not require the participation of any particular member. Nor would such participation be necessary for the imposition of the injunctive relief sought.

Nevertheless, the court properly granted the City's motion to dismiss the claim on the merits. The City established its entitlement to summary judgment by demonstrating it is enforcing the AZR against only those establishments found to have negative secondary effects on the community—a legitimate governmental purpose—as determined by an extensive study conducted prior to the enactment of the AZR (*see Stringfellow's of N.Y. v City of New York, supra*). The burden thus shifted to plaintiffs to demonstrate that nonenforcement as to other similarly situ-

ated establishments was undertaken with an "evil eye" or improper purpose (*see Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 694-695 [1979]). Plaintiffs have offered no evidence that any establishment or performance allegedly exempted is "similarly situated," or that any such establishment or performance has a negative secondary impact. Plaintiffs have thus failed to demonstrate an issue of fact as to unequal treatment or improper motive. Concur—Nardelli, J.P., Saxe, Williams, Friedman and Sweeny, JJ.