SAVOY OF NEWBURG, INC., Rudolph LaMarr, Salvatore Cucorullo, Quincy Magwood, Plaintiffs–Appellants,

v.

CITY OF NEWBURGH, City of Newburgh Local Development Corporation, City of Newburgh Industrial Development Agency, Nicholas Valentine and Stephen Rockafellow, Defendants–Appellees.

No. 06–2741–cv.

United States Court of Appeals, Second Circuit.

June 13, 2007.

Michael H. Sussman, Law Offices of Michael H. Sussman, Goshen, NY, for Plaintiffs–Appellants.

James M. Fedorchak, Gellert & Klein, P.C., Poughkeepsie, NY, for Defendants–Appellees City of Newburgh, City of Newburgh Local Development Corporation, and City of Newburgh Industrial Development Agency.

Patrick T. Burke, Burke, Miele & Golden LLP, Goshen, NY, for Defendants–Appellees Valentine and Rockafellow.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiffs appeal from the May 25, 2006 judgment entered by the United States District Court for the Southern District of New York, following an order issued May 24, 2006 (Charles L. Brieant, *Judge*) granting defendants' motion for summary judgment. *See Savoy of Newburgh, Inc. v. City of Newburgh*, No. 04 Civ. 1405, 2006 WL 1450531 (S.D.N.Y. May 24, 2006). We assume the parties' familiarity with the facts and procedural history of the case.

Plaintiffs first contend that the District Court incorrectly found that both claim and issue preclusion prohibited plaintiffs from litigating their retaliation claim because of a decision rendered on April 17, 2006 by the Supreme Court, State of New York (Orange County), in which Justice Elaine Slobod granted the defendants in this action a judgment of $130,000, plus interest and costs, against, *inter alia*, plaintiffs Savoy of Newburgh, Inc. ("Savoy"), Rudolph LaMarr, Salvatore Cucorullo, and Quincy Magwood.

█ We agree with plaintiffs that claim preclusion based on the state action does not bar their federal retaliation claim. Under New York law, claim preclusion

bars future litigation between the same parties on claims that arise from the same transaction or series of transactions previously litigated to a conclusion, even if the new litigation is "based upon different theories or if seeking a different remedy." *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir.1997) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (N.Y.1981)). However, because New York does not have a compulsory counterclaim rule, *see* N.Y.C.P.L.R. § 3011; *Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Protestant Dutch Church*, 68 N.Y.2d 456, 461, 510 N.Y.S.2d 63, 502 N.E.2d 978 (N.Y.1986), the fact that plaintiffs did not file a counterclaim for First Amendment retaliation in the state court case does not automatically preclude them from asserting that claim here. *See Batavia Kill Watershed Dist. v. Charles O. Desch, Inc.*, 83 A.D.2d 97, 444 N.Y.S.2d 958, 960 (3d Dep't 1981), *aff'd*, 57 N.Y.2d 796, 455 N.Y.S.2d 597, 441 N.E.2d 1115 (N.Y.1982); *Henry Modell & Co.*, 68 N.Y.2d at 462 n. 2, 510 N.Y.S.2d 63, 502 N.E.2d 978. Indeed, under *Batavia Kill Watershed Dist.*, claim preclusion does not bar plaintiffs' retaliation claim because (1) "we do not have a party who is splitting his causes of action or who otherwise failed to litigate issues encompassed in a prior lawsuit," 444 N.Y.S.2d at 960, because the state action was brought by the City defendants, it did not involve the constitutional issues raised here, and it is not obvious that, had plaintiffs raised retaliation as an affirmative defense in the state action, doing so would have made any difference to the outcome of that action; and (2) "[p]ermitting the present action ... does not impair any rights or interests established in the prior action," *id.*, because plaintiffs are not seeking to recover the $130,000 adjudicated by the state court, but rather seek compensatory and punitive damages based on defendants' al-

leged retaliation, which the state court did not address. Thus, plaintiffs' retaliation claim is not barred by claim preclusion.

■ However, this claim is barred, in part, by issue preclusion. Plaintiffs do not precisely delineate the adverse actions that they contend form the basis of their retaliation claim. But to the extent that their retaliation claim is based on defendants' attempt to reclaim the funds disbursed to plaintiffs on June 21, 2002, it is precluded because the state court found that the June 21 transfer was done "mistakenly." Given that finding, defendants necessarily possessed a fully sufficient and proper motive for reclaiming the funds: they should not have been disbursed in the first place. Thus, defendants' attempt to reclaim these funds cannot form a basis for plaintiffs' retaliation claim, regardless of the standard employed to evaluate it, because defendants, at the very least, possessed "dual motivation, *i.e.,* that even without the [alleged] improper motivation the alleged retaliatory action would have occurred." *Scott v. Coughlin,* 344 F.3d 282, 287–288 (2d Cir.2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

■ Plaintiffs' retaliation claim is not barred, however, to the extent that it is that based on defendants allegedly altering the terms of, and then rescinding, the preliminary loan agreement signed by the parties on August 26, 2002. Plaintiffs allege that when Rockafellow and Valentine gained control of the Newburgh Industrial Development Agency ("IDA"), they drafted the November 15, 2002 "long form" follow-up agreement in such a way as to make it impossible for plaintiffs to sign. Whereas the August 26 preliminary agreement provided only that "each of the indi-

viduals shall give IDA a mortgage on his personal residence which will be subordinate only to the current mortgage holder ... and American Credit," the long form agreement specified that the mortgage lien on the principals' three residences be "subordinate to no more than a total of $269,-387[ ] against all three residences." Plaintiffs assert that this alteration, which they could not agree to because of their obligations to their principal private investor, was a deliberate attempt by defendants to force plaintiffs out of the preliminary loan agreement, and eventually led to defendants' March 2003 rescindment of the preliminary agreement.

Issue preclusion does not apply to a retaliation claim based on these actions because the state court found only that plaintiffs did not sign the long form agreement and thus had to return the $130,-000—money that plaintiffs could hold onto only if they had signed and complied with the long form agreement, whatever its eventual terms. The state court thus did not resolve whether defendants retaliated against plaintiffs by (a) making it functionally impossible for them to sign the long form agreement and (b) then using the failure to sign as an excuse to eventually rescind the August 26, 2002 preliminary agreement.

We do not conclude that plaintiffs will be able to prevail on their First Amendment retaliation claim based on these alleged adverse actions, or that they would survive a motion for summary judgment on grounds other than preclusion. We find only that neither claim nor issue preclusion bars plaintiffs from litigating their retaliation claim to the extent that it is based on defendants' alleged alteration and then rescindment of the August 26, 2002 preliminary agreement.[1]

---

1. We also do not decide whether plaintiffs' retaliation claim should be evaluated under the balancing test applicable to independent

contractors employed by the government, *see Bd. of County Comm'rs v. Umbehr,* 518 U.S. 668, 685, 116 S.Ct. 2342, 135 L.Ed.2d 843

■ Finally, we find no error in the District Court's dismissal of LaMarr's defamation claim based on legislative immunity. "[L]egislative immunity shields an official from liability if the act in question was undertaken in the sphere of legitimate legislative activity." *Almonte v. City of Long Beach,* 478 F.3d 100, 106 (2d Cir. 2007) (internal citations and quotation marks omitted). "Local legislators, like their counterparts on the state and regional levels, are entitled to absolute immunity for their legislative activities." *Id.*

Here, the defamatory acts alleged to have occurred were clearly taken "within the sphere of legitimate legislative activity." *Id.* As members of the Newburgh City Council, defendants Valentine and Rockafellow had explicit authority to oversee the Newburgh IDA, including the power to appoint the members of the IDA and review and comment on its budget. *See* N.Y. Gen. Mun. Law §§ 854(5), 856, 858, 861, 913. It was therefore well within their role as legislators for defendants to investigate and criticize the way the IDA was handling the Savoy matter, even if the City Council had no direct power over the IDA's specific dealings with Savoy. *See Carlos v. Santos,* 123 F.3d 61, 66 (2d Cir. 1997) (legislative investigations and oversight are protected by absolute immunity).

For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED to the District Court for further proceedings consistent with this Order.

(1996), or the more stringent test applicable to general First Amendment retaliation

claims, *see Curley v. Village of Suffern,* 268 F.3d 65, 73 (2d Cir.2001).