*811 In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 18, 2011, as granted the defendants’ cross motion for summary judgment dismissing the complaint as barred by the doctrine of res judicata, and the defendants cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiffs motion which was for summary judgment dismissing their counterclaims to recover damages for negligent misrepresentation and fraudulent inducement as barred by the doctrine of res judicata.
Ordered that the order is reversed insofar as appealed from, on the law, and the defendants’ cross motion for summary judgment dismissing the complaint is denied; and it is further,
Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
In the instant action, the plaintiff asserts causes of action sounding in breach of contract due to nonpayment, and on an account stated. The Supreme Court erred in granting the defendants’ cross motion for summary judgment dismissing the complaint as barred by the doctrine of res judicata.
“New York’s permissive counterclaim rule allows counterclaims to be raised through separate litigation even if interposed as a defense in prior litigation, as long as a party defendant does not remain silent in one action, then bring a second suit on the basis of a pre-existing claim for relief that would impair the rights or interests established in the first action” (Classic Autos. v Oxford Resources Corp., 204 AD2d 209, 209 [1994]; see Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y., 68 NY2d 456 [1986]; Batavia Kill Watershed Dist. in County of Greene v Charles O. Desch, Inc., 83 AD2d 97 [1981], affd 57 NY2d 796 [1982]).
There was no adjudication in a prior action between the parties (see Wallkill Med. Dev., LLC v Sweet Constructors, LLC, 83 AD3d 695 [2011]; Wallkill Med. Dev., LLC v Sweet Constructors, LLC, 56 AD3d 764 [2008]) of the plaintiffs claims for nonpayment, and the claims, if accepted, would not impair the defendants’ rights that were established in the prior action. Accordingly, the doctrine of res judicata does not bar the instant action (see Batavia Kill Watershed Dist. in County of Greene v Charles O. Desch, Inc., 83 AD2d 97 [1981]; Skolnick v Skolnick, 262 *812 AD2d 395, 396 [1999]; Frank M. Herbert, Inc. v M & P Scrap Iron & Metal Corp., 23 AD2d 630 [1965], affg 41 Misc 2d 1020 [1964]; cf. 67-25 Dartmouth St. Corp. v Syllman, 29 AD3d 888, 890 [2006]). Since the defendants failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law on this ground, the Supreme Court should have denied the defendants’ cross motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiffs opposition papers.
Conversely, and contrary to the defendants’ contention, there are no facts alleged in the counterclaims that are separate and distinct from those alleged in the prior action (see O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Moreover, the defendants’ claims in both actions are based on the same harm—the plaintiffs failure to obtain a payment and performance bond (see Sweeney v New York City Dept. of Health & Mental Hygiene, 91 AD3d 420, 421 [2012]; Sun Plaza Enters. Corp. v Crown Theatres, 307 AD2d 351, 351 [2003]; see also Ippolito v TJC Dev., LLC, 83 AD3d 57 [2011]; see generally Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-348 [1999]). Since the plaintiff established its prima facie entitlement to judgment as a matter of law dismissing the counterclaim on the ground of res judicata, and the defendants failed to raise a triable issue of fact in opposition, the Supreme Court properly granted the plaintiffs motion for summary judgment dismissing the counterclaims as barred by the doctrine of res judicata. Rivera, J.E, Dickerson, Leventhal and Hall, JJ., concur. [Prior Case History: 33 Mise 3d 1223(A), 2011 NY Slip Op 52086(11).]