17-1280-cv
Harris v. BNC Mortg., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SYMONOUS-GRETA HARRIS, EX RELATIONE AND AUTHORIZED REPRESENTATIVE FOR: SYMONOUS HARRIS, ET AL.,

*Plaintiff-Appellant*,

v.                                                                                    17-1280-cv

BNC MORTGAGE, INC., WELLS FARGO BANK, N.A., DBA AMERICA'S SERVICING COMPANY, N.A., DBA AMERICA'S SERVICING COMPANY, LEHMAN BROTHERS HOLDINGS INC., U.S. BANK NATIONAL ASSOCIATION, AURORA LOAN SERVICES, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY, STRUCTURED ASSET INVESTMENT LOAN TRUST, STRUCTURED ASSET SECURITIES CORPORATION, JOHN AND JANE DOES, ALL OTHER PARTIES OF INTEREST 150, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL

OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO,

*Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Symonous-Greta Harris, pro se, Brooklyn, NY. |
| FOR DEFENDANTS-APPELLEES: | Laurence P. Chirch, Sandelands Eyet LLP, New York, NY (for BNC Mortgage, Inc., Lehman Brothers Holdings Inc., Aurora Loan Services, LLC, Structured Asset Securities Corporation). |
| ` | Chava Brandriss, Lisa J. Fried, Cameron E. Grant, Hogan Lovells US LLP, New York, NY (for Wells Fargo Bank, N.A., DBA America's Servicing Company, N.A., DBA America's Servicing Company, U.S. Bank National Association). |
| | Deutsche Bank National Trust Company did not appear. |

Appeal from a March 28, 2017, judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Symonous-Greta Harris, pro se, sued several financial institutions for violations of the Truth in Lending Act, the Equal Credit Opportunity Act, the Real Estate Settlement Procedures Act, and state law, alleging that the defendants fraudulently obtained a default judgment against her in a 2009 foreclosure action in state court because they lacked a valid mortgage note. The district court dismissed her complaint as barred by res judicata because Harris could have raised these claims as a defense or counterclaim in the state

foreclosure action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). We also review *de novo* a district court's application of res judicata. *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply New York res judicata law to New York state court judgments. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). In New York, "the doctrine of *res judicata* gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein." *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970) (internal quotation marks omitted). "[I]f claims arise out of the same factual grouping they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) (internal quotation marks omitted).

Res judicata bars Harris's claim in this later action. The foreclosure default judgment is a final judgment on the merits. Harris argues that the default judgment in the foreclosure action cannot bar her claims because none of her claims were fully litigated on the merits. But actual litigation is not required for res judicata; it need only be shown that a party had the opportunity to litigate the claims. *See EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007) ("*Res judicata* does not require the precluded claim to actually have been litigated . . . . That is why it has long been the law that default judgments can support *res judicata* as surely as judgments on the merits."); *Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Protestant Dutch Church of New York*, 68 N.Y.2d 456, 461 (1986) (noting that "a default judgment awarding possession to the landlord has been held to preclude litigation of subsidiary issues necessary to establish the tenant's subsequent claim for separate equitable relief").

Harris argues that she lacked the opportunity to litigate because she was the defendant and had "no obligation to litigate" in the foreclosure action. Harris is correct that New York, unlike the federal courts, does not have a compulsory counterclaim rule, requiring a defendant to raise any counterclaim it has that arises out of the facts of the plaintiff's claims. *Henry Modell & Co.*, 68 N.Y.2d at 461 (discussing New York rule); Fed. R. Civ. P. 13(a) (federal compulsory counterclaim rule). But "a party is not free to remain

3

silent in an action in which [s]he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory." *Henry Modell & Co.*, 68 N.Y.2d at 461. Harris seeks to obtain declaratory relief that the defendants did not have a valid mortgage note and fraudulently obtained mortgage documents, and therefore were not entitled to recover any property or money from her related to the mortgage. This relief would be inconsistent with the judgment in the foreclosure action.

Further, both the foreclosure action and the instant suit involve the same cause of action. Both cases involve allegations that Harris took out a mortgage with BNC Mortgage Inc. and that the mortgage was assigned to U.S. Bank National Association ("U.S. Bank"), as trustee of the Structured Assert Investment Loans Trust ("SAILT"). Harris argues that the foreclosure action is not the "same cause of action" because the legal causes of action were not same in the two suits, relying primarily on *Manning v. City of Auburn*, 953 F.2d 1355 (11th Cir. 1992). But *Manning* is inapplicable because it applies the "primary right and duty" test for res judicata, which is the test applicable in Eleventh Circuit, but not in New York. *Manning*, 953 F.2d at 1358-59. In contrast, New York applies the transactional approach, which does not consider whether the infringement of rights at issue is the same as that asserted in an earlier litigation, but rather examines the "factual grouping" to determine whether the claims are based on the same set of facts. *See Davidson*, 792 F.2d at 278; *see also Smith v. Russel Sage Coll.*, 54 N.Y.2d 185, 192-93 (1981). Even though the facts in Harris's federal complaint are a "different shading" of the facts alleged in the foreclosure complaint, they are a part of the same transaction. Both the complaint and the foreclosure action involved allegations relating to the origin of Harris's mortgage and its subsequent assignment. *See Smith*, 54 N.Y.2d at 192-93 (holding that whether a factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether . . . their treatment as a unit conforms to the parties' expectations or business understanding or usage" (internal quotation marks omitted)).

Finally, eight of the nine parties in the instant suit are the same parties or their privies from the foreclosure action. A party in privity "includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." *Chase Manhattan Bank, N.A. v. Celotext Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) (quoting *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970)). There are nine named parties in this action: Harris, U.S. Bank, SAILT, Wells Fargo Bank, Lehman Brothers Holdings Inc., Aurora Loan Services, BNC Mortgage Inc., Structured Asset Securities Corporation ("SASC"), and Deutsche Bank National Trust Company. U.S. Bank, Harris, and SAILT were named parties in the prior action. Five of the other parties—Wells Fargo, Lehman

4

Brothers, Aurora, BNC Mortgage, and SASC—are in privity with U.S. Bank and SAILT through various contracts or arrangements. Because there was a judgment on the merits in the foreclosure action, which was the same cause of action as the instant case, the claims against these defendants are precluded.

The remaining defendant is Deutsche Bank. Although Deutsche Bank did not enter an appearance, the district court dismissed the claims against it based on res judicata. But the record does not reflect what relationship, if any, Deutsche Bank has to any of the other parties or to Harris's mortgage. The district court therefore erred by assuming that Deutsche Bank was in privity to U.S. Bank or SAILT and that the claims against it were precluded.

However, we may affirm the district court's dismissal of the complaint on an alternative ground. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm. . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). Harris's complaint fails to state a claim against Deutsche Bank. A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Harris alleged no facts suggesting that Deutsche Bank violated any state or federal law and her conclusory allegations that the defendants collectively violated these laws are insufficient to state a claim. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." (second alteration in original)).

Although a pro se plaintiff should be afforded leave to amend following a Federal Rule of Civil Procedure 12(b)(6) dismissal "when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), no such leave was required here because it would be futile. The complaint gives no indication that Harris could assert a valid claim against Deutsche Bank because the allegations concern only BNC Mortgage and its assignment of the note to U.S. Bank and SAILT. Deutsche Bank also does not appear in any mortgage documents. There is nothing to suggest, even with a liberal reading of the complaint, that the "plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe." *Id.*

We have considered all of Harris's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court