Winifred **EUBANKS**, Plaintiff,

v.

**LIBERTY MORTGAGE BANKING LTD.** and its assignee Federal Home Loan Mortgage Corp., "John Doe No. 1" to "John Doe No. 10," inclusive, the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the declaratory complaint, Defendants.

Civil Action No. CV–96–4753 (DGT).

United States District Court,
E.D. New York.

Sept. 11, 1997.

Winifred Eubanks, Freeport, NY, pro se.

James E. Robinson, Meyer, Meyer & Metli, LLP, Smithtown, NY, for Defendants.

## MEMORANDUM AND ORDER

TRAGER, District Judge.

### Background

Winifred Eubanks mortgaged her home at 40 Willow Street, Freeport, New York to Liberty Mortgage Banking Ltd. ("Liberty") on September 22, 1989. Liberty assigned the fixed-rate mortgage to Federal Home Loan Mortgage Corp. ("Freddie Mac") on the same day. *See* Exh. A to Compl't.

In November 1992, Freddie Mac commenced foreclosure proceedings against Eubanks. *See* Exh. 1 to Def. Aff. in Sup. Summ. J. Three years later, Eubanks defaulted in the proceedings and Judgment of Foreclosure and Sale was issued in favor of Freddie Mac. *See* Exh. 2 to Def. Aff. in Sup. Summ. J. On July 9, 1996, Freddie Mac bought the home at a court-ordered auction. *See* Exhs. 3 & 4 to Def. Aff. in Sup. Summ. J. On August 27, 1996 Eubanks filed this action pro se, alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., in Nassau County Supreme Court. She asks the court to declare that Liberty violated the disclosure provisions of TILA, to declare that damages are available for TILA violations, and to overturn the foreclosure of the state court. *See* Compl't at 4–5.

On October 1, 1996 Freddie Mac removed the suit to federal court pursuant to 12 U.S.C. § 1452(f) and 28 U.S.C. § 1446 and answered the complaint.[1] On November 7, Freddie Mac requested leave to move for summary judgment on the ground that the current action is barred by the doctrine of res judicata. The next day, Eubanks, in a letter to the court, urged that summary judgment be denied because her claim is a different controversy than the one litigated in the foreclosure action in state court.

Freddie Mac filed its summary judgment papers in February. Despite two letters from Freddie Mac and one from the court asking Eubanks to respond, plaintiff has not answered.

### Discussion

Freddie Mac argues that summary judgment should be granted because the doctrine of res judicata bars this court from hearing Eubanks' TILA claims. It contends that any TILA disclosure violations are part of the same transaction that was actually litigated in the foreclosure action in state court. Freddie Mac argues that since Eubanks

---

1. Liberty has not appeared in this action. According to Freddie Mac, Liberty was never served. *See* Def. Aff. in Sup. Summ. J. ¶ 6.

could have raised TILA violations as counterclaims to Freddie Mac's foreclosure action, she should be precluded from raising them here. *See* Def. Aff. in Sup. Summ. J. In her letter opposing summary judgment, Eubanks argues that her suit is justiciable since it is based on a different cause of action.

■■■ Freddie Mac argues that the foreclosure and TILA claims arise from the same transaction. *See* Def. Mem. in Sup. of Summ. J. at 4. However, three of the four circuits that have ruled on the issue have held that the claims arise from separate transactions. *See Whigham v. Beneficial Finance Co. of Fayetteville,* 599 F.2d 1322, 1323–24 (4th Cir.1979). *Accord, Maddox v. Kentucky Finance Co.,* 736 F.2d 380, 382–83 (6th Cir.1984); *Valencia v. Anderson Bros.,* 617 F.2d 1278, 1291 (7th Cir.1980), *rev'd on other grounds,* 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981). *Cf. Plant v. Blazer Financial Svcs.,* 598 F.2d 1357 (5th Cir. 1979). The Second Circuit implicitly endorsed the logic of *Whigham* in *Adam v. Jacobs,* 950 F.2d 89, 92–93 (2d Cir.1991).

Even if *Whigham* is the controlling precedent and the foreclosure and TILA claims are deemed separate, that does not end the matter. A district court must accord the grant of foreclosure in the state action the same preclusive effect that it would be given by New York courts. *See* 28 U.S.C. § 1738; *Brooks v. Giuliani,* 84 F.3d 1454, 1463 (2d Cir.1996). New York employs a transactional approach wherein a final decision on the merits bars any future claims based on the same transaction or series of transactions. *See Brooks,* 84 F.3d at 1463 (citing *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981)). This broad rule, however, is usually cited in the context where the plaintiff in the first action brings a second action alleging slightly different facts or evidence or a different cause of action.

New York, however, does not have any compulsory counterclaim rule. Under New York law, "[a] counterclaim *may* be any cause of action in favor of one or more defendants." N.Y. C.P.L.R. § 3019(a) (emphasis added). Because New York's counterclaim rule is permissive, res judicata generally will

not necessarily bar claims that could have been counterclaims in a prior action. *See Henry Modell and Co. v. Minister, Elders and Deacons of the Reformed Protestant Dutch Church,* 68 N.Y.2d 456, 462 n. 2, 510 N.Y.S.2d 63, 502 N.E.2d 978 (N.Y.1986). Only a defendant who is silent in the first action and then tries to bring a second action that would undermine "the rights or interests established in the first action" is barred under New York's res judicata rule. *Id.* at 461, 510 N.Y.S.2d 63, 502 N.E.2d 978 (citing *Schuykill Fuel Corp. v. C. Nieberg Realty Corp.,* 250 N.Y. 304, 165 N.E. 456 (1929) (Cardozo, J.)) New York's res judicata rule thus has a narrower effect on a defendant who then brings her claim in a separate action than it does on the plaintiff who brings successive claims that arise from the same transaction.

New York's statute making all counterclaims permissive is in marked contrast to the federal rule which requires the defendant to "state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." Fed.R.Civ.P. 13(a). The only permissive or non-compulsory counterclaims under the federal system are those "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(b).

The federal counterclaim rule is intended to conserve judicial resources by requiring parties to resolve all claims arising from the same transaction in one suit. *See Banco Nacional de Cuba v. Chase Manhattan Bank,* 658 F.2d 875, 885 (2d Cir.1981). New York ensures that its permissive counterclaim rule will not result in inconsistent verdicts, *see Henry Modell and Co.,* 68 N.Y.2d at 461, 510 N.Y.S.2d 63, 502 N.E.2d 978, but also gives greater autonomy to a defendant unwillingly haled into court to litigate her claim in a second action if that is her choice.[2]

Eubanks did not impose her TILA claim as a counterclaim in the foreclosure action. See Def. Mem. of Law in Sup. Summ. J. at 4. Following that 'silence,' she sued in a second action in an attempt to overturn the decision

---

**2.** Two complaints virtually identical to the one

filed by plaintiff here were dismissed on res

in the first action. Under New York's doctrine of res judicata, this court cannot overturn the decision of the state court in the foreclosure action or declare that she owns the home outright. Doing so would necessarily undermine the rights established in the foreclosure action.[3] Those forms of relief are barred.

 ·TILA provides borrowers only two remedies for disclosure violations: (1) rescission, *see* 15 U.S.C. § 1635 and (2) damages. *See* 15 U.S.C. § 1640. Rescission is not an available remedy for residential mortgages. *See* 15 U.S.C. § 1635(e)(1)(A). Since Eubanks alleges that Liberty and Freddie Mac violated TILA in providing her with a fixed rate mortgage in her home, *see* Compl't at 4–5 & Exh. A, rescission is not available to her. Moreover, even if recission were available, then res judicata might well apply since such a remedy would undermine the judgment in the foreclosure action.

 As for the damages remedy, an action for damages under TILA must be brought within one year from the alleged violation. *See* 15 U.S.C. § 1640(e). Though one court has held that the limitations on actions is subject to equitable tolling in instances of fraud, *see Jones v, TransOhio Savings Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984), Eubanks has not alleged fraud with the particularity needed to toll the statute. She has filed a boilerplate complaint composed of entirely conclusory language seven years after the alleged violations occurred. Thus Eubanks' action for damages is time barred. Since Eubanks has no remedy available to her under TILA, her complaint must be dismissed for failing to state a claim upon which relief may be granted. *See* Fed. R.Civ.P. 12(b)(6).

It appears that defendant Liberty Mortgage Banking Ltd. has not been served in this action as no affidavit of service has been filed. However, even if Liberty has been served, Eubanks' claims against Liberty are barred for the same reasons stated above.

### Conclusion

To the extent that the relief sought by Eubanks seeks to overturn the foreclosure action and declare that she owns the property outright, summary judgment is granted. Since there is no relief available to her under the Truth in Lending Act, the rest of her complaint is time barred and is, therefore, dismissed. The Clerk of the Court is instructed to enter judgment accordingly and close the case.

---

judicata and statute of limitations grounds. *Nembhard v. Citibank, N.A.*, No. CV–96–3330, 1996 WL 622197 (E.D.N.Y. Oct.22, 1996) and *Smith v. Prudential Home Mortgage Co.*, No. CV–96–1722 (E.D.N.Y. Feb. 27, 1997). Each of these opinions discussed New York's broad transactional approach to res judicata, but neither addressed the fact that in New York all counterclaims are permissive and can be brought in a separate action with the limitation that they cannot disturb the rights established in the first action. *See* N.Y. C.P.L.R. § 3019(a); *Henry Modell and Co.*, 68 N.Y.2d at 462 n. 2, 510 N.Y.S.2d 63, 502 N.E.2d 978. Furthermore, neither decision contained a transactional analysis. For these reasons, I do not agree with these decisions.

3. This court is also barred from disturbing the decision of the state court under the *Rooker–Feldman* doctrine under which inferior federal courts do not have the subject matter jurisdiction to hear cases that seek review of a decision of a state court. *See Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996). Also, material violations of TILA do not discharge an obligor of her obligation to pay the mortgage. *See* 15 U.S.C. § 1610.