Andrew VAN PIER, Plaintiff,

v.

The LONG ISLAND SAVINGS BANK, FSB, Berkeley Federal Bank & Trust, FSB, and Louis Licari, Defendants.

No. 97 Civ. 6295 (JSR).

United States District Court, S.D. New York.

Sept. 29, 1998.

Andrew Van Pier, New York City, pro se.

Joseph C. Savino, Zavatsky & Mendelsohn L.L.P., Syosset, NY, Steven Sinatra, Solomon & Weinberg LLP, New York City, Gerald Roth, Stein & Sheidlower LLP, Carle Place, NY, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

In August 1997, *pro se* plaintiff Andrew Van Pier, who not only had already defaulted on the mortgage loan he obtained in 1984 in connection with his purchase of a cooperative apartment in New York City[1] but also had been unsuccessful in several state court attempts to stay the foreclosure sale of the collateral, made a further attempt to stave off foreclosure by suing the instant defen-

---

1. The mortgage loan was made by defendant Long Island Savings Bank ("LISB"), who in 1993 assigned the loan to defendant Berkeley Federal Bank & Trust ("Berkeley"), who in turn sold its interest in the loan to defendant Louis Licari in 1996.

dants for their alleged failure to provide certain financial disclosures in connection with the loan in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Plaintiff's motion for injunctive relief staying the impending foreclosure sale was denied on August 27, 1997 by the Hon. Harold Baer, Jr., U.S.D.J., and the sale went forward that day. However, claims for money damages remained.

After the close of discovery, the parties cross-moved for summary judgment, and on April 7, 1998, the Honorable Andrew J. Peck, U.S.M.J., issued a Report and Recommendation that defendants' motions for summary judgment be granted and the Complaint dismissed. Following the receipt of objections and other submissions by the parties, the Court undertook a *de novo* review of the underlying record and of the portions of the magistrate judge's disposition that were objected to. *See* Fed.R.Civ.P. 72(b). Upon that review, the Court hereby determines that the magistrate judge's conclusions were correct in all respects and that summary judgment must be awarded to defendants.

■ Magistrate Judge Peck concluded that this action, brought some thirteen years after plaintiff obtained the loan at issue, is time-barred under 15 U.S.C. § 1640(e). That statute provides that a creditor must bring a TILA damages action "within one year from the date of the occurrence of the violation." It further provides, however, that even after expiration of that one-year period, a debtor is not barred from asserting a TILA violation "in an action to collect the debt ... as a matter of defense by recoupment or set-off in such action." 15 U.S.C. § 1640(e). Relying on this latter provision, plaintiff argues that his TILA claim in effect constitutes assertion of a defense of recoupment to the foreclosure sale initiated by defendants, and therefore is not within the one-year limitations period. Under the plain language of

the statute, however, this argument is unavailing, because here plaintiff asserts his TILA claim affirmatively, in an action for damages that he himself commenced, and not as a defense "in an action to collect the debt." *See R.B. Moor v. Travelers Ins. Co.*, 784 F.2d 632, 634 (5th Cir.1986) ("When the debtor hales the creditor into court, ... the claim by the debtor is affirmative rather than defensive."); *see also Beach v. Ocwen Federal Bank,* — U.S. —, —, 118 S.Ct. 1408, 1410, 140 L.Ed.2d 566 (1998) (noting that under section 1640 "a borrower may assert the right to damages 'as a matter of defense by recoupment or set-off' *in a collection action brought by the lender* even after the one year is up") (emphasis added).[2]

■ While plaintiff further argues that equitable tolling of the statute of limitations is warranted on the basis of defendants' alleged fraudulent concealment of their alleged TILA violations, the Court agrees with Magistrate Judge Peck that even assuming *arguendo* the one-year limitations period may sometimes be subject to equitable tolling, such tolling would not be available here. It is undisputed that plaintiff was aware of the alleged violations by February 1996, when he filed his second state court complaint concerning this matter and alleged therein that "all necessary disclosures in accord with Truth–in–Lending and Regulation Z were not met by Defendants (lenders)." Affidavit of Joseph C. Savino, dated March 5, 1998, Ex. M. Yet plaintiff did not file this action until August 1997, more than a year thereafter.

■ Finally, to the extent that plaintiff seeks to avoid the time bar by re-characterizing his Complaint as one for rescission of the loan transaction (which, under 15 U.S.C. § 1635, might not be subject to the one-year limitations period of § 1640) this argument is likewise unavailing. For even assuming *arguendo* both that plaintiff's complaint, very

---

**2.** To the extent that plaintiff's action originally sought injunctive relief as well, there is some authority to the effect that a notice of foreclosure sale may be construed as an "action to collect the debt" within the meaning of section 1640(e), and that a subsequent TILA action by the debtor to enjoin the sale may therefore be viewed in some circumstances as an assertion of a defense

of recoupment to that "action." *See, e.g., Coxson v. Commonwealth Mortgage Co. of America, L.P.,* 43 F.3d 189, 194 (5th Cir.1995). However, quite apart from the fact that this Court is not persuaded of the analysis and construction in those cases, the issue is moot because the only part of this action remaining is for monetary damages.

liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), might be read to assert such a claim, and that, as plaintiff further contends, the underlying loan transaction constitutes a "consumer credit transaction," 15 U.S.C. § 1635(a), rather than a "residential mortgage transaction" as to which the right of rescission does not apply, *see* 15 U.S.C. § 1635(c)(1),[3] the rescission claim nonetheless would be time-barred, for the borrower's right of rescission under § 1635 "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," *id.* § 1635(f); *see Beach v. Ocwen Federal Bank*, — U.S. —, —, 118 S.Ct. 1408, 1410, 140 L.Ed.2d 566 (1998). As noted, however, this action was not commenced until some thirteen years after the underlying loan transaction was consummated.

The Court has carefully considered the other objections raised by plaintiff and finds them to be without merit. Accordingly, the Court hereby incorporates by reference the Report and Recommendation of Magistrate Judge Peck and, for the reasons articulated therein and those set forth above, adopts its recommendations and dismisses the Complaint in its entirety. Clerk to enter judgment.

SO ORDERED.

### REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Plaintiff Andrew Van Pier has brought this action seeking damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., from defendants Long Island Savings Bank ("LISB"), Berkeley Federal Bank & Trust, and Louis Licari, for their alleged failure to provide appropriate TILA financial disclosures to Van Pier in connection with providing him financing in 1984 for his purchase of a cooperative apartment at 230 Central Park West in New York City. Defendants move for summary judgment on the grounds: (1) that plaintiff Van Pier's claim is barred by TILA's one-year statute of limitations, and (2) of res judicata based on prior state court litigation among these parties leading up to defendants' foreclosure on the apartment. Van Pier cross-moves for summary judgment. For the reasons set forth below, I recommend that the Court grant defendants' summary judgment motion on statute of limitations grounds, and deny plaintiff Van Pier's cross-motion for summary judgment.[1]

### FACTS

In 1984, Van Pier purchased· cooperative apartment 1D at 230 Central Park West in New York City, using a loan from defendant LISB and giving LISB a security interest (mortgage) on the apartment. (Defs.' 56.1 Stmt. ¶¶ 1–4; Savino Aff. Exs. A–C; Van Pier Dep. at 71–72; Kosowicz Aff. ¶ 2.)

In or about late 1992, Van Pier defaulted under the Note, resulting in the defendants notifying Van Pier of their intention to conduct a public auction sale of the apartment, and also leading to several different state court actions by Van Pier seeking to stay the auction sale.[2] (Defs.' 56.1 Stmt. ¶¶ 5–26; Savino Aff. Exs. D–S, V.) When the state and federal courts refused to further stay the sale, the public auction went forward and defendant Licari was the successful bidder at the auction sale. (Defs.' 56.1 Stmt. ¶ 27; Van Pier Dep. at 90–91; 3/2/98 Tr. at 18.)

In August 1997, Van Pier brought the present federal TILA action, seeking damages and an injunction to halt the foreclosure

---

**3.** Plaintiff contends that the underlying loan does not constitute a "residential mortgage transaction" as defined in § 1602(w), because the security interest was retained against plaintiff's shares in the cooperative and his proprietary lease, rather than against a "dwelling." 15 U.S.C. § 1602(w).

**1.** It is quite likely that defendants also are entitled to summary judgment on res judicata grounds, but the Court need not reach that issue.

**2.**· LISB assigned the mortgage loan to defendant Berkeley in late 1993, and Berkeley sold the mortgage loan to defendant Licari as of March 6, 1996. (Savino Aff. Exs. F, L; Defs.' 56.1 Stmt. ¶¶ 8, 16, 18–19.) The mortgage lenders will be referred to herein as "defendants" or "the defendant Banks."

sale of the cooperative apartment.[3] After the completion of discovery, the parties' cross-moved for summary judgment.

### ANALYSIS

### PLAINTIFF'S DAMAGES IS BARRED BY TILA'S ONE–YEAR STATUTE OF LIMITATIONS[4]

Defendants claim that plaintiff Van Pier's TILA damages action is barred by TILA's one-year statute of limitations. It is undisputed that the loan transaction in issue was entered into in 1984, and that this action was commenced some thirteen years later, in 1997. The action, therefore, is time barred.

Congress clearly identified the purpose of TILA as allowing consumers to compare available credit options:

The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate

and unfair credit billing and credit card practices.

15 U.S.C. § 1601(a).

TILA creates a civil damages remedy for the borrower, enforceable in federal or state court, but imposes a one-year statute of limitations on the action:

**(e) Jurisdiction of courts; limitations on actions** ...

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation.* This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was bought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

15 U.S.C. § 1640(e) (emphasis added).[5]

■ The case law is clear that the alleged TILA nondisclosure violation here occurred at the time of the loan in 1984, and the alleged continuing failure to provide TILA disclosures is not a "continuing violation" for purposes of the one-year statute of limitations. *See, e.g., Salois v. Dime Savings Bank,* 128 F.3d 20, 25 (1st Cir.1997) (TILA

---

**3.** Van Pier has conceded that the auction sale of the property rendered moot his request for injunctive relief in this litigation. (Van Pier Dep. at 90.)

**4.** For a discussion of the proper standard for summary judgment motions, *see, e.g., Meritxell, Ltd. v. Saliva Diagnostic Systems, Inc.,* 96 Civ. 2759, 1998 WL 40148 at *4–5 (S.D.N.Y. Feb.2, 1998) (Peck, M.J.), and cases cited therein. The only relevant facts here, however, are the dates of the original loan and the commencement of this action—1984 and 1997, respectively—and those facts are undisputed.

**5.** The right to assert a TILA violation "as a matter of defense" is not applicable to Van Pier's action, since he is the plaintiff, and has not been sued by defendants to collect the debt. *See, e.g., Moor v. Travelers Ins. Co.,* 784 F.2d 632, 634 (5th Cir.1986) ("When the debtor hails the creditor into court, as [plaintiff] has done in this case, the claim by the debtor is affirmative rather than defensive. As such, it is subject to the one–and

three–year [TILA] limitations provisions."); *In re Smith; Smith v. American Financial Systems, Inc.,* 737 F.2d 1549, 1554 (11th Cir.1984); *Basham v. Finance Am. Corp.,* 583 F.2d 918, 927–28 (7th Cir.1978) (affirmative use of TILA in counterclaim not allowed after expiration of one-year statute of limitations period), *cert. denied,* 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89, and 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979); *Spartan Grain & Mill Co. v. Ayers,* 581 F.2d 419, 429–30 (5th Cir.1978) (TILA counterclaim properly dismissed where asserted after one year), *cert. denied,* 444 U.S. 831, 100 S.Ct. 59, 62 L.Ed.2d 39 (1979); *Campbell v. Machias Sav. Bank,* 865 F.Supp. 26, 33 (D.Me.1994) (TILA counterclaims are time barred after one year).

TILA also gives borrowers a three-year right of rescission, but that provision is not applicable to a "residential mortgage transaction" such as that involved here. *See* 15 U.S.C. § 1635(a), § 1635(e)(2), § 1635(f).

claim accrues for statute of limitations purposes when parties signed mortgage loan documents); *King v. State of California,* 784 F.2d 910, 914 (9th Cir.1986) ("We reject the 'continuing violation' theory as unrealistically open-ended. It exposes the lender to a prolonged and unforeseeable liability that Congress did not intend."), *appeal dismissed & cert. denied,* 484 U.S. 802, 108 S.Ct. 47, 98 L.Ed.2d 11 (1987); *Moor v. Travelers Ins. Co.,* 784 F.2d 632, 633 (5th Cir.1986) ("It is obvious that [plaintiff's] suit for monetary damages under 1640(a), initiated more than seven years after the loan transaction, is barred by the one-year statute of limitations set forth in § 1640(e),") (citing cases); *Felt v. Federal Land Bank Ass'n,* 760 F.2d 209, 210 (8th Cir.1985); *Aschoff v. Osmond State Bank,* 760 F.2d 201, 202 (8th Cir.1985); *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1043 (6th Cir.1984) (reaffirms its prior decision in *Wachtel v. West* "squarely reject[ing]" the "continuing violation" argument); *In re Smith; Smith v. American Financial Systems, Inc.,* 737 F.2d 1549, 1552 (11th Cir.1984) ("The [TILA] violation occurs when the transaction is consummated . . . Nondisclosure is not a continuing violation for purposes of the [TILA one-year] statute of limitations."); *Rudisell v. the Fifth Third Bank,* 622 F.2d 243, 246 (6th Cir.1980) (follows its prior *Wachtel v. West* decision); *Stevens v. Rock Springs Nat'l Bank,* 497 F.2d 307, 309–10 (10th Cir.1974) (rejects continuing violation theory for TILA); *Wachtel v. West,* 476 F.2d 1062, 1065–66 (6th Cir.) ("It thus appears that a credit transaction which requires disclosures under the [Truth in Lending] Act is completed when the lender and borrower contract for the extension of credit. The disclosures must be made sometime before this event occurs. If the disclosures are not made, this violation of the Act occurs, at the latest, when the parties perform their contract. The provisions with respect to the right of rescission seem to contemplate a continuing violation when the disclosures are not made, but such is not the case when damages are sought."), *cert. denied,* 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973); *Eubanks v. Liberty Mortgage Banking Ltd.,* 976 F.Supp. 171, 174 (E.D.N.Y.1997) (dis-misses on statute of limitations grounds a TILA damage action brought seven years after residential mortgage loan); *Campbell v. Chandler Assoc., Inc.,* No. 95–CV–1770, 1997 WL 151889 at *2 (N.D.N.Y. March 28, 1997) ("The one-year TILA statute of limitations for closed end transactions accrues on the date of the transaction."); *Nembhard v. Citibank, N.A.,* No. CV–96–3330, 1996 WL 622197 at *2 (E.D.N.Y. Oct.22, 1996) ("Since this action is wholly based on a failure to disclose, any violation necessarily took place seven years ago [when the mortgage loan was made] and is time-barred."); *Sutliff v. County Sav. & Loan Co.,* 533 F.Supp. 1307, 1310 (N.D.Ohio 1982) ("A violation occurs on the date of the transaction and the limitation period begins to run at that time. There is no continuing violation of the statute."); *Manzina v. Publishers Guild, Inc.,* 386 F.Supp. 241, 245 (S.D.N.Y.1974) ("Claims under TILA must be brought within one year of the alleged violation," *citing, inter alia, Wachtel v. West* ); *Kristiansen v. John Mullins & Sons, Inc.,* 59 F.R.D. 99, 107 (E.D.N.Y.1973) ("The [TILA] violation in this case occurred when, upon the execution of the contract, the defendant failed to make the required disclosures and not, it seems to us, at any time thereafter. There is nothing in either the letter or spirit of [TILA] which imposes upon the creditor a continuing duty during the entire term of the contract to disclose what he has failed to disclose the first time the contract was executed. . . . The court concludes that without some Congressional intent to the contrary, it should not by construction increase the defendant's liability beyond the one year from the date of the execution of the contracts."); *see generally* Daniel Feld, "Time Limitations Under 15 U.S.C.A. § 1604(e) on Truth in Lending Act Suits," 36 A.L.R.Fed. 657, § 8 (1978) ("The general rule is that in cases involving closed-end consumer credit transactions, the limitations period in 15 U.S.C.A. § 1640(e) begins to run at a specific time—either at the time of execution of the credit contract or at the time of performance of the contract. A continuing-violation theory has

thus been rejected by most courts.") (citing cases).[6]

In opposing defendants' motion, plaintiff Van Pier argues that equitable tolling of the statute of limitations should apply. (Van Pier Br. at 10.) It is true that some courts have found that the one-year limitation to file suit under TILA is a statute of limitation subject to equitable tolling. *See, e.g., Lawyers Title Ins. Corp. v. Dearborn Title Corp.,* 118 F.3d 1157, 1166–67 (7th Cir.1997); *King v. State of California,* 784 F.2d 910, 914–15 (9th Cir.1986), *appeal dismissed & cert. denied,* 484 U.S. 802, 108 S.Ct. 47, 98 L.Ed.2d 11 (1987); *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1039–43 (6th Cir.1984); *Eubanks v. Liberty Mortgage Banking Ltd.,* 976 F.Supp. 171, 174 (E.D.N.Y.1997); *Campbell v. Chandler Assoc., Inc.,* No. 95–CV–1770, 1997 WL 151889 at *2 (N.D.N.Y. March 28, 1997). Other courts, however, have found that the § 1640(e) time limitation is jurisdictional, and because Congress did not provide for equitable tolling in the statute itself, equitable tolling is not applicable to the § 1640(e) limitations provision. *See, e.g., Hardin v. City Title & Escrow Co.,* 797 F.2d 1037, 1039–41 & n. 4 (D.C.Cir.1986); *Ramadan v. Chase Manhattan Corp.,* 973 F.Supp. 456, 459–61 (D.N.J.1997). The Second Circuit has not yet addressed the issue, and we need not decide it here. Even if equitable tolling were available under TILA, it is not applicable here for two reasons. First, plaintiff Van Pier has not presented any evidence to support such a claim. (*See* Van Pier Br. at 10.) *See also, e.g., Eubanks v. Liberty Mortgage Banking Ltd.,* 976 F.Supp. at 174. Second, it is clear that Van Pier knew of the alleged TILA violations at the time of various prior state court proceedings that occurred more than one year before he commenced this action. (*See* Defs.' Br.Ex. M: Van Pier 2/20/96 N.Y.Sup.Ct.Cplt. p. 5 Wherefore ¶ 2: "all necessary disclosures in accord with Truth–in–Lending and Regulation Z were not met by Defendants (lenders).") Thus, the equitable tolling doctrine is of no help to plaintiff Van Pier. His TILA claim is barred by the applicable one-year statute of limitations.

### CONCLUSION

For the reasons set forth below, I recommend that the Court grant defendants' summary judgment motion on the ground that plaintiff Van Pier's 1997 action about an alleged 1984 TILA violation is time barred by TILA's one-year statute of limitations.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Proce-

---

**6.** Defendants Berkeley and Licari raised the statute of limitations as an affirmative defense in their respective answers. (Berkeley Answer ¶ 9; Licari Answer ¶ 16.) Defendant LISB failed to raise the statute of limitations as an affirmative defense in its answer; the only affirmative defense it raised in its answer was failure to state a claim. (*See* LISB Answer ¶ 6.) Because plaintiff was aware that all defendants were taking similar positions, and was advised by LISB of the statute of limitations defense *before* the filing of the summary judgment motion (*see* 3/2/98 Tr. at 16–22), defendant LISB's answer is deemed amended, pursuant to Fed.R.Civ.P. 15(a) and (b), to conform to the evidence and issues raised on the summary judgment motion, and in the interests of justice. *See also, e.g., Moore, Owen, Thomas & Co. v. Coffey,* 992 F.2d 1439, 1445 (6th Cir.1993); *Charpentier v. Godsil,* 937 F.2d 859, 863–64 (3d Cir.1991); *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797–98 (11th Cir. 1989) (where "plaintiff does not assert any prejudice from the lateness of the pleading," defendant permitted to raise statute of limitations defense not asserted in its answer but raised in its summary judgment motion); *Lucas v. United States,* 807 F.2d 414, 417–18 (5th Cir.1986); *Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir.1984) (same as *Grant* ); *Allied Chem. Corp. v. Mackay,* 695 F.2d 854, 855–56 (5th Cir.1983); *Healy Tibbitts Constr. Co. v. Insurance Co. of N. Am.,* 679 F.2d 803, 804 (9th Cir.1982); *Devito v. Pension Plan of Local 819 I.B.T. Pension Fund,* 975 F.Supp. 258, 263 (S.D.N.Y.1997) ("numerous courts have held that '[a]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense [such as statute of limitations] in a motion for summary judgment for the first time.' ") (citing cases); *Snyder v. United States,* No. 88–CV–2136, 1995 WL 724529 at *11–12 (E.D.N.Y. July 26, 1995) ("An affirmative defense is not deemed waived on a motion for summary judgment where the defendant's failure to plead the affirmative defense does not prejudice the plaintiff."); *G.D. v. Westmoreland School Dist.,* 783 F.Supp. 1532, 1534 (D.N.H.1992); *United States v. Krieger,* 773 F.Supp. 580, 583–84 (S.D.N.Y. 1991); *Steinberg v. Columbia Pictures Indus., Inc.,* 663 F.Supp. 706, 715 (S.D.N.Y.1987) (" '[A]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time.' ").

dure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 750 and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

April 7, 1998.