Latouche v. Wells Fargo Home Mortgage Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

───────────────────────────────

Michelle Latouche,

> *Plaintiff-Appellant*,

> v.                                                                 17-4003

Wells Fargo Home Mortgage Inc., Wells Fargo Bank, N.A., Asef Mortgage Capital, Steven Shahipour, Panebianco Thomas, Esq., Steven J. Baum, Howard Associate Inc., Bruce Howard, Plaza Homes LLC, Albert Basal, Fred Basal, Alfred Basal, Stein and Shieldlower LLP, Michael Craigton, Janus Abstract Inc., Sahriar Afshari, Higinio Martinez, Vigo Construction Corp.,

> *Defendants-Appellee*s.

───────────────────────────────

FOR PLAINTIFF-APPELLANT:   MICHELLE LATOUCHE, pro se, Cambria Heights, NY.

FOR DEFENDANTS-APPELLEES:   CHRISTIAN FLETCHER, ESQ., Chava Brandriss, Esq., Lisa J. Fried, Esq., Hogan Lovells US LLP, New York, NY (*for* Wells Fargo Home Mortgage Inc. and Wells Fargo Bank, N.A.).

Steven Shahipour, pro se, Albertson, NY.

Richard Francis Harrison, Esq., Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (*for* Plaza Homes LLC, Albert Basal, Fred Basal, and Alfred Basal).

Matthew J. Bizzaro, Esq., Marian C. Rice, Esq., L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (*for* Stein and Shieldlower LLP and Michael Craigton).

Michael Coffey, Esq., Nancy Quinn Koba, Esq., Wood Smith Henning & Berman, LLP, New York, NY (*for* Janus Abstract Inc.).

Steven J. Baum, Esq., pro se, Amherst, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*; Mann, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michelle Latouche sued Wells Fargo Home Mortgage Inc. and Wells Fargo Bank NA (collectively "Wells Fargo"), and sixteen other named defendants, for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and state law, in connection with the sale and mortgage of real property. Latouche alleged a fraudulent scheme concerning the purchase and repair of the subject premises. The district court adopted the magistrate judge's Report and

Recommendation ("R&R"), dismissing Latouche's TILA claim as untimely and declining to exercise supplemental jurisdiction over the remaining state law claims. On appeal, Latouche argues that the district court erred by dismissing her TILA claim as time barred. Latouche does not challenge the district court's decision to decline jurisdiction over her state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Although allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## I.      Federal TILA Claim

Latouche seeks monetary damages for a TILA violation under 15 U.S.C. §§ 1601 et seq., alleging hidden costs, discrepancies, and misrepresentations in documents concerning her purchase of a home in Brooklyn, New York. TILA was enacted to promote the "informed use of credit" by consumers. *Household Credit Servs., Inc. v. Pfennig*, 541 U.S. 232, 235 (2004) (quoting 15 U.S.C. § 1601(a)).

3

## A. Statute of Limitations

The district court correctly held that Latouche's TILA claim was time-barred. Private actions based on violations of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). While this Court has not spoken directly on the issue, among lower courts in this circuit, "[i]t is well-settled law that in closed-end credit transactions, like [a mortgage loan], the date of the occurrence of violation is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs." *McLean-Laprade v. HSBC*, No. 12 CV 1774, 2013 WL 3930565, at *3 (N.D.N.Y. July 30, 2013) (quoting *Cardiello v. The Money Store, Inc.*, No. 00 Civ. 7332, 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) (collecting cases from numerous circuits)). Thus, a suit for damages under TILA, in connection with a mortgage loan, may not be brought more than one year after entering into that loan. *Barnett v. Countrywide Bank, FSB*, 60 F. Supp. 3d 379, 392 (E.D.N.Y. 2014) (TILA statute of limitations runs from the date the borrower accepts the creditor's extension of credit); *Arroyo v. PHH Mortg. Corp.*, No. 13 CV 2335, 2014 WL 2048384, at *12 (E.D.N.Y. May 19, 2014) ("[C]ourts have made abundantly clear that the statute of limitations [for TILA claims] runs from the time of the occurrence, not the time of discovery."). Here, Latouche entered into the original loan agreement in 2002 and subsequently entered into the loan modification agreement in 2009. She did not assert her TILA claim until 2016, many years after the one-year limitations period had expired.[1]

---

[1] To the extent that Latouche now raises an argument on appeal invoking the continuing violation doctrine, the Court notes that the cases cited by Latouche do not involve TILA claims. *See United States v. Rivera-Ventura*, 72 F.3d 277, 281 (2d Cir. 1995) (involving the "continuing offense" of being found illegally in the United States after deportation); *Leonhard v. United States*, 633 F.2d

### a. Equitable Tolling

As there is no doubt that Latouche filed her TILA claim well outside the one-year limitations period, the district court properly considered whether she adequately pled a basis for equitable tolling. Equitable tolling applies "in rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period [s]he [sought] to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted); *see also Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). To qualify for equitable tolling, a plaintiff must show that some extraordinary circumstance, such as fraudulent concealment of the cause of action, stood in the way of bringing suit and that she had been pursuing her rights diligently. *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014). This Court reviews a district court's decision to deny equitable tolling for abuse of discretion. *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013); *Zerilli-Edelglass*, 333 F.3d at 81.

Latouche's conclusory allegations of non-disclosure, such as hidden costs in documents concerning purchase of the premises, do not amount the sort of extraordinary circumstances that

---

599, 613 (2d Cir. 1980) (claim for damages involving removal and concealment of children). District courts in this circuit have held that the continuing violation doctrine does not apply to TILA claims. *Craig v. Saxon Mortg. Servs., Inc.*, No. 13 CV 4526, 2015 WL 171234, at *9 (E.D.N.Y. Jan. 13, 2015) (rejecting continuing violation theory and dismissing time-barred TILA claim); *Van Pier v. Long Island Sav. Bank, FSB*, 20 F. Supp. 2d 535, 538–39 (S.D.N.Y. 1998) (an "alleged continuing failure to provide TILA disclosures is not a 'continuing violation' for purposes of the one-year statute of limitations"). However, because Latouche failed to raise this argument below, this Court need not address the merits of this argument on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

would warrant tolling.  *See Williams v. Aries Fin., LLC*, No. 09 CV 1816, 2009 WL 3851675, at *7 (E.D.N.Y. Nov. 18, 2009) ("The essence of [plaintiff's] argument is that the defendants' failure to disclose the terms of the [mortgage] loan amounted to fraudulent concealment. . . . If nondisclosure tolled the statute of limitations for a claim brought based on the nondisclosure, the statute of limitations would have no effect.").  To the extent Latouche argues that defendants actively concealed their fraud by failing to produce at closing an appraisal report that she contends was misleading as to the value of the property, which was not produced until discovery in an ongoing state foreclosure action, she did not plead such concealment in her complaint.   Nor does she allege in her complaint that she was actively prevented from obtaining or reviewing the report. On the contrary, with respect to the appraisal report, the complaint alleged that the report was prepared to defraud Latouche and "presented to [her] as a true reliable estimate of the worth of the premises."   And Latouche only conclusorily alleged equitable tolling in her papers opposing the defendants' motion to dismiss.  In any event, it is not clear how inaccuracies in the appraisal report could have given rise to a TILA claim, the only federal claim in the complaint, rather than to her state fraud claims.   Accordingly, the district court did not abuse its discretion in dismissing Latouche's TILA claim as untimely.

        We have considered all of Latouche's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk of Court

6